Louis B. Heller, J.
Motions by various defendants to dismiss the first cause of action under subdivision 5 of rule 107 of the Buies of Civil Practice on the ground that the cause of *886 action did not accrue within the time limited by law for the commencement of an action thereon.
The first cause of action, in this third amended complaint, alleges that defendants conspired to prevent plaintiff from obtaining credit and from purchasing securities during the period October 17, 1958 to February 5, 1959, by means of false and slanderous statements concerning him.
It is well established that a civil conspiracy alone does not give rise to a cause of action. The actionable wrong is the commission of a tortious act, or a legal one by wrongful means (Cf. Cuker Ind. v. Crow Constr. Co., 6 A D 2d 415; Green v. Davies, 182 N. Y. 499, 504).
As pointed out by Mr. Justice Greenberg in Green v. Time (147 N. Y. S. 2d 828, 829, affd. 1 A D 2d 665, affd. 3 N Y 2d 732): ‘ ‘ Determination of this motion depends upon whether the allegations of the complaint are to be read as setting forth a conventional cause of action for damages for a libel, or are to be considered as an action on the case for damages wilfully and intentionally inflicted by defendant in publishing derogatory matter of, and concerning, the plaintiff.” Plaintiff’s cause of action, as pleaded, is for a traditional tort based on libel and slander. It may not be considered as an action on the case, based on a prima facie tort since the statements alleged to have been made imputed dishonesty to plaintiff and tended to injure him in his business. The doctrine of prima facie tort may not be employed to avoid the Statute of Limitations where it appears that the cause of action is essentially the traditional one of libel and slander (Green v. Time, supra).
Since, as pointed out, plaintiff’s first cause of action is for a traditional tort, plaintiff’s time within which to commence his action expired, pursuant to section 51 of the Civil Practice Act, on February 5,1960, one year after the last act charged against the defendants (cf. Dubourcq v. Brouwer, 124 N. Y. S. 2d 61, affd. 282 App. Div. 861; Lucci v. Engel, 73 N. Y. S. 2d 78). Accordingly the motions are granted.