Thomas R. QUIGLEY, Paul S. Austin, Louis Daniel, Preston Murphy, Arthur G. Swainson, Joseph L. Vaine, and Robert S. Jernigan, Plaintiffs,

v.

HAWTHORNE LUMBER CO., Inc., et al., Defendants.

No. 64 Civ. 1824.

United States District Court
S. D. New York.

Feb. 2, 1967.

Edward R. Downing, Gabel & Markey, New York City, for plaintiffs.

Dougherty, Ryan, Mahoney & Pellegrino, New York City, for defendants Hawthorne Lumber Co., Inc., Anthony J. Garcia, Ernest B. Fontan, Joseph H. Linden, F. J. Scarano, and Anita I. Garcia.

Bigham, Englar, Jones & Houston, New York City, for defendant Hartford Fire Ins. Co.

Appleton, Rice & Perrin, New York City, for defendant, Barclays Bank, Ltd.

## OPINION

MANSFIELD, District Judge.

In June 1964 plaintiffs, the master and crew of a tug, brought this diversity suit for $4,000,000 damages, alleging that in January 1962 they were wrongfully arrested, tried and imprisoned in Honduras as a result of a false affidavit, warrant and complaint instigated by the defendants. Certain defendants now move for summary judgment pursuant to Rule 56, F.R.Civ.P., on the ground that the action is barred by the applicable statute of limitations. The defendant Hartford Fire Insurance Co. ("Hartford" herein) also moves on the ground that there is no genuine issue with respect to its lack of connection with any of the acts that are the subject of the complaint. The essential facts, as alleged in the introductory paragraphs of the complaint, are as follows:

On January 6, 1962, plaintiff Quigley signed on as the master, and the other plaintiffs as members of the crew, of the tug Southeastern No. 5, owned by defendant Andersen's Marine, Inc., for a voyage from Key West, Florida, to Honduras in order to tow the S. S. Tropic Sea and her cargo of lumber from Honduras to Kingston, Jamaica. Plaintiffs thereupon proceeded in the tug to Honduras and after being assured that the S. S. Tropic Sea had been duly cleared (although it had developed a 30° list) towed it to Kingston, after which they returned on January 21, 1962 to Honduras where they were arrested by the "Army Captain of the Port" and five militia men, who "presented to Captain Quigley an affidavit signed on behalf of the Hawthorne Lumber Company of Hawthorne, New York, and a Warrant of Complaint issued by the local court * * * [which] charged the Master and crew with piracy of the TROPIC SEA and robbery of the cargo of lumber laden thereon, which plaintiffs had towed" to Kingston as instructed by the tug's charterers, with the approval of the master and owners of the Tropic Sea.

The complaint next alleges that the plaintiffs then "were arraigned before a Judge and the charges and warrant were read in the District Court of Puerto Cortes by an interpreter" in the presence of defendant Trochez, who is described as the legal representative of the defendants, and the defendant Guillermo Alvarado, who is described as the "District Attorney of the General Procuring Office of the Republic". The complaint further alleges that on January 30, 1962 plaintiffs were called before the judge who found them guilty as charged; and that upon appeal the appellate court on March 24, 1962, reversed their conviction and exonerated them of the charges against them, the plaintiffs thereupon being released from jail returning to Florida in the tug on March 30, 1962.

The complaint fails to state the connection of each of the defendants with the alleged false arrest, trial and imprisonment of the plaintiffs, other than to claim that it was as a "result of the Affidavit, Warrant and Complaint of defendants * * *".

After the foregoing introductory allegations of fact, plaintiffs allege five "causes of action". The first is that

"[P]laintiffs were * * * arrested and subsequently jailed as a result of the false Affidavit, Warrant and Complaint of defendants wherein it was intentionally, knowingly and willfully alleged that plaintiffs were charged with Piracy and Robbery without any grounds * * * and with premeditated intent and malice * * *."

The second "cause of action" claims that the affidavit filed by defendants was an "abuse of process".

The third cause of action alleges:

"[P]laintiffs * * * were arrested * * * pursuant to an Affidavit, Complaint and Warrant which was procured illegally by the defendants herein, which * * * were based on a misrepresentation of facts which were intended and resulted in the illegal and forceful detention of plaintiffs * * *."

The fourth cause of action alleges that

"[A] Judicial Proceeding * * * was instituted, instigated and continued by defendants without probable cause, * * * basis or foundation in fact and with * * * malice * * *."

The fifth cause of action alleges a conspiracy to commit the foregoing acts.

All of the defendants, with the exception of Alvarado and Davis, who apparently have not been served, filed answers denying the material allegations of the complaint. In addition all moving defendants except Hartford pleaded the statute of limitations as an affirmative defense. By stipulation the action was dismissed as to the defendant Barclays Bank, Ltd. In 1964 Hartford's motion to dismiss the complaint for failure to state a claim on its face against Hartford was denied by Judge Levet of this Court in an opinion dated September 28, 1964, on the ground that although the complaint did not "allege specifically what defendant Hartford did" it gave notice of the general transaction and acts complained of, which was sufficient to preclude dismissal for failure to state a claim on its face, since particulars could be obtained by Hartford through discovery procedures.

Although the complaint alleges that the acts complained of took place in Honduras, all parties appear to take the position that the elements of the claims asserted shall be governed by New York law. In any event the New York Statute of Limitations governs if it is shorter than that of the place where the events giving rise to the causes of action occurred. N.Y.CPLR § 202 (1963). Defendants contend that since the causes of action allegedly accrued in January or March of 1962 and the action was not commenced until June of 1964, it is barred by the one-year statute of limitations found in § 215 CPLR (1963), which applies to actions for false imprisonment, malicious prosecution, libel, slander and false words causing special damages. The causes of action herein alleged, however, accrued prior to September 1963 when the N.Y.CPLR went into effect, so that the applicable statute of limitations must be determined according to § 218 CPLR, which provides that where a cause of action accrued prior to the effective date of the new Act

"[T]he time within which an action must be commenced shall be the time which would have been applicable apart from the provisions of this article, or the time which would have been applicable if the provisions of this article had been in effect when the cause of action accrued, whichever is longer."

Since the Civil Practice Act prescribed different periods of limitation according to the type of action (e. g., 2 years for false imprisonment and malicious prosecution suits (§ 50, Civil Practice Act), 1 year for libel or slander suits (§ 51, Civil Practice Act), 3 years for actions for personal injury except in a case where a different period is expressly prescribed (§ 48, Civil Practice Act)), it becomes necessary to determine the nature of the claims asserted in the present complaint. In doing so we are guided by certain fundamental principles. The first of these is that where a plaintiff has availa-

ble to him several remedies for the same wrongful conduct, he may elect which one to pursue and gain the benefit of the statute of limitations applicable to it. Dentists' Supply Co. of New York v. Cornelius, 281 App.Div. 306, 119 N.Y. S.2d 570, affd., 306 N.Y. 624, 116 N.E.2d 238 (1953). The classic example is the option accorded a plaintiff to assert a personal injury claim against a seller either by way of breach of warranty or negligence. A plaintiff may not, however, avail himself of the longer statute of limitations applicable to a specific remedy merely by characterizing his action as one for such relief unless the facts alleged in the complaint disclose that it falls within such category. As the court stated in Carr v. Lipshie, 8 A.D.2d 330, 187 N.Y.S.2d 564 (1st Dept. 1959), affd., 9 N.Y. 983, 218 N.Y.S.2d 62, 176 N.E.2d 512 (1961), "[i]t is the general rule that in 'applying the statute of limitations we look for the reality, and the essence of an action and not its mere name' " citing Brick v. Cohn-Hall-Marx Co., 276 N.Y. 259, 264, 11 N.E.2d 902, 114 A.L.R. 521 (1937); Gottfried v. Gottfried, 269 App.Div. 413, 56 N.Y.S.2d 50 (1945).

■ Applying the foregoing principles to the present case, it is clear that the complaint sets forth a conventional claim of malicious prosecution. See Burt v. Smith, 181 N.Y. 1, 73 N.E. 495 (1908); Prosser, Torts 645–62 (2d ed. 1955). An essential element of each cause of action in the complaint is the claim that the defendants, through use of a false affidavit and warrant, without probable cause, and with malice, instigated judicial proceedings that resulted in the wrongful arrest and incarceration of the plaintiffs. Each cause of action uses words of art associated with claims of malicious prosecution, false imprisonment or abuse of process. The Note of Issue filed by plaintiffs' counsel on January 22, 1966 described the action as follows:

"The specific nature and object of the action:

"An action by American merchant seamen against defendants for damages for false arrest, charge of piracy and robbery without any grounds, false imprisonment, malicious prosecution, abuse of process and conspiracy under the general maritime and civil law."

The specific characterization of the action in conventional terms without mentioning "prima facie tort" confirms the Court's conclusion as to the true nature of the suit.

Since the gist of the action is clearly one for malicious prosecution, and possibly false imprisonment, it is barred by the two-year statute prescribed by § 50, Civil Practice Act. Plaintiff, however, seeks to avoid application of the shorter periods prescribed for actions for malicious prosecution, false imprisonment, libel or slander, on the theory that the complaint also sets forth a "prima facie tort" for an intentional or injurious falsehood, and that such an action is governed by the six-year statute of limitations prescribed by § 48, Civil Practice Act which applies to actions "for personal injury, except in a case where a different period is expressly prescribed in this article" or by the three-year period prescribed by § 49, Civil Practice Act for an action for injury to property. See Al Raschid v. News Syndicate Co., 265 N.Y. 1, 191 N.E. 713 (1934).

■ One damaged or injured by an intentionally false, non-defamatory statement may bring an action for damages, such a suit being frequently labelled as one for "injurious falsehood" or a "prima facie tort". Prosser on Torts, p. 760 et seq. (2d ed. 1955); American Law Institute, Restatement on Torts § 873. The gist of the action, however, is that the conduct complained of did not fall within the well defined categories of libel, slander or malicious prosecution. Where the damage is caused by defamatory statements about the plaintiff, it gives rise to an action for libel and slander, not injurious falsehood, and is governed by the statute of limitations applicable to actions for libel and slander. Dubourcq v. Brouwer, Sup., 124 N.Y.S.2d 61 (N.Y. County), affd., 282 App.Div. 861, 124 N.Y.S.2d 842 (1st Dept.1953);

Green v. Time, Inc., Sup., 147 N.Y.S.2d 828 (N.Y. County 1955); affd., 1 App. Div.2d 665, 146 N.Y.S.2d 812 (1st Dept. 1955), affd., 3 N.Y.2d 732, 163 N.Y.S.2d 970, 143 N.E.2d 517 (1957); Klein v. Federation Bank and Trust Co., 36 Misc. 2d 885, 232 N.Y.S.2d 880 (Kings County 1962). As the court pointed out in Green v. Time, Inc., supra:

"The prima facie tort doctrine has received impetus in recent cases to allow recovery where a plaintiff's claim would not fall within traditional tort categories. Al Raschid v. News Syndicate Co., 265 N.Y. 1, 191 N.E. 713; Advance Music Corp. v. American Tobacco Co., 296 N.Y. 79, 70 N.E.2d 401; Musso v. Miller, 265 App.Div. 57, 38 N.Y.S.2d 51; Brandt v. Winchell, 283 App.Div. 338, 127 N.Y.S.2d 865. While the development of this doctrine has served the salutary purpose of giving redress to those sustaining temporal injury as a result of malicious words or acts which are calculated, and do, produce damages, the stage has not yet been reached where it has supplanted the usual forms of action for defamation. As was said by Callahan, J. in Brandt v. Winchell, supra, 283 App.Div. at page 342, 127 N.Y.S.2d at page 868, regarding the types of situations covered by the prima facie tort doctrine: 'The injury is ordinarily to trade, occupation, professional reputation or property, and generally comprehends interference with some form of contractual relation.'

"However useful the doctrine may be in a proper case, it should not be employed for the questionable purpose of avoiding the application of the statute of limitations where it appears that the cause of action is essentially the traditional one of libel or slander. A reading of the complaint herein shows that plaintiff's grievance arises from the publication of two articles in defendant's magazine, which plaintiff claims injured him in his reputation. It has been held that one having a cause of action for libel or slander cannot convert such action into one of prima facie tort to avail himself of a longer statute of limitations. Dubourcq v. Brouwer, Sup., 124 N.Y.S.2d 61; Lucci v. Engel, Sup., 73 N.Y.S.2d 78. In Brick v. Cohn-Hall-Marx Co., 276 N.Y. 259, 264, 11 N.E.2d 902, 904, 114 A.L.R. 521, the court said: ' * * * in applying the statute of limitations we look for the reality, and the essence of the action and not its mere name.' " (147 N.Y.S.2d at p. 830)

Applying the foregoing principles to the present case, the falsehood alleged as the means used to instigate the proceedings that injured the plaintiffs was defendants' statement, in affidavits furnished to the Spanish Honduras authorities, that plaintiff had committed "piracy of the TROPIC SEA and robbery of the cargo laden thereon". Such statements could only constitute the basis of an action for libel or slander, not an action for intentional falsehood; and if the defamatory statements were used to instigate the judicial proceeding that resulted in the wrongful arrest and imprisonment of the plaintiffs, the action is for malicious prosecution. In either event, according to the principles adopted by the courts of New York in the foregoing defamation suits, these allegations could not be used to state the prima facie tort of intentional or injurious falsehood.

None of the decisions cited by plaintiffs' counsel support plaintiffs' contention that they may cast the well recognized elements of an action for malicious prosecution, false imprisonment, or libel and slander, in the mold of an action for "prima facie tort". It is true that in a case which superficially resembles this one, Al Raschid v. News Syndicate Co., supra, the New York courts found that a "prima facie tort" was alleged. But closer examination reveals that in that case an essential element of malicious prosecution was missing for there had been no judicial proceeding against the plaintiffs. Thus it was necessary to create a remedy to deal with this wrong which did not fit in any traditional category. Here the wrong alleged does fit a traditional category. The legislature of

the State of New York has chosen to make a relatively short statute of limitations apply. It would be unreasonable for this Court to circumvent that legislative determination by creating an overlapping cause of action to which a longer statute of limitations would be applied. Cf. Dubourcq v. Brouwer, supra.

Penn-Ohio Steel Co. v. Allis-Chalmers, 7 A.D.2d 441, 184 N.Y.S.2d 58 (1st Dept. 1959), also cited by plaintiffs, is clearly distinguishable from the present case. As the court noted in that action, which was based on false and misleading statements to the Internal Revenue Service,

> "The parties to the litigation agree that the complaint does not charge a conventional tort, such as malicious prosecution or defamation. Under the circumstances, the defendant argues, the only theory upon which to predicate the action is prima facie tort and under the rules of pleading applicable thereto, the complaint is insuffficient."

 Thus the present action, being barred by the two-year statute, § 50, Civil Practice Act, must be dismissed as to those defendants who pleaded the statute of limitations, and since the defense, although not pleaded by Hartford, was raised by it in a memorandum in support of its motion for summary judgment, it must be dismissed also as to Hartford. Robbins v. Esso Shipping Co., 190 F. Supp. 880 (S.D.N.Y.1960). Cf. Glus v. Brooklyn Eastern District Terminal, 154 F.Supp. 863 (S.D.N.Y.1957), affd., 253 F.2d 957 (1958), reversed on other grounds, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); Larson v. Port of New York Authority, 17 F.R.D. 298 (S.D. N.Y.1955); Drabkin v. Gibbs & Hill, Inc., 74 F.Supp. 758 (S.D.N.Y.1947). See also Berry v. Chrysler Corp., 150 F.2d 1002 (6th Cir. 1945).

 Defendant Hartford's motion for summary judgment is also granted for the reason that there does not appear to be any genuine issue of fact with respect to Hartford's non-participation in the conduct alleged. Since the complaint asserts the bald conclusory claim that the "defendants" committed or caused the commission of the acts complained of, including the swearing of a false affidavit, warrant and complaint, this Court has held that it could not be dismissed for failure to state a claim on its face, the defendants having the right to ascertain the facts through pretrial discovery. Defendant Hartford's motion for summary judgment pursuant to Rule 56, F.R.Civ.P., is based on the results of such discovery. In support of its motion it has submitted uncontroverted affidavit proof that it had no connection with the alleged wrongful activities, its sole involvement in the entire matter being its issuance of certificates of marine insurance covering "eight lots of cargo to be shipped on the S.S. 'TROPIC SEA' from Puerto Cortes to Saint Georges, Granada, W.I., and Roseau Dominica, W.I.", a voyage which was never made by the vessel because it developed a 30° list. It further appears that the two leading plaintiffs, Thomas R. Quigley, the master of the tug who verified the complaint, and Paul S. Austin, a crew member, upon being deposed before trial, did not know of any wrongful conduct on the part of Hartford. Quigley testified that if Hartford and Barclays Bank "do business with these kind of people, then they must share the same risk of the people they are doing business with". Referring to the false charges filed in Honduras, which form the basis of the suit, Austin testified: "Only the Hawthorne Lumber Company has filed charges against us".

 Plaintiffs have offered no evidence controverting the foregoing, apparently relying on the general allegation of the complaint. A party may not take refuge behind unsupported general allegations or ignorance of the facts in order to raise a material fact issue under Rule 56. The plaintiffs were under an obligation either to controvert Hartford's supporting affidavit or to explain why they could not explain their version of the facts. Belinsky v. Twentieth Restaurant, 207 F.Supp. 412 (S.D.N.Y.1962);

Meyers v. District of Columbia, 17 F.R.D. 216 (D.D.C.1955). Plaintiffs did neither.

For the foregoing reasons the summary judgment dismissing the complaint is granted as to those defendants who have made the present motion.

So ordered.