70277. MILLS v. CITY OF ATLANTA et al.
(332 SE2d 319)

BANKE, Chief Judge.

The plaintiff-appellant sued the City of Atlanta and Atlanta Police officer Brenda Paige to recover for personal injuries she allegedly sustained when her vehicle was struck by a police vehicle being driven by Paige, as the two of them were traversing an intersection. Paige counterclaimed to recover for her own alleged injuries sustained in the collision. This appeal is from an order granting the city's motion for summary judgment. Also enumerated as error is the denial of the appellant's motion for summary judgment with regard to Officer Paige's counterclaim.

The collision occurred as Officer Paige was responding to a "signal 29," described as a report of drunk and disorderly conduct or fighting. It is undisputed that Paige was treating the call as an emergency; however, the evidence is in conflict as to whether she was using both her emergency lights and siren. Paige testified that she came to a stop before entering the intersection and was not traveling very fast when the collision occurred. On the other hand, there is evidence that her vehicle skidded 22 feet immediately prior to the collision and that the force of the impact knocked the appellant's vehicle completely off the road.

On the issue of whether she had sustained a "serious injury" pursuant to OCGA § 33-34-9 (a), so as to enable her to cross the "no-fault" threshold, Officer Paige testified that she had received an "ugly scar" on her leg, which she contended amounted to a permanent disfigurement. However, she admitted that the scar was smaller than a dime and that in appearance it was merely "a little darker than the surrounding skin." She also conceded that the original wound had required no stitches. *Held*:

1. The trial court did not err in granting the city's motion for summary judgment, it being undisputed that Officer Paige was engaged in a governmental function when the collision occurred, and there being no evidence of record to suggest that the city had any

specific policy, ordinance, practice, or custom which had the effect of encouraging unlawful driving practices by its police officers, so as to give rise to a cause of action pursuant to 42 USC § 1983. See generally *Monell v. Dept. of Soc. Serv. N.Y.*, 436 U. S. 658, 694 (98 SC 2018, 56 LE2d 611) (1978). To the contrary, the record establishes without dispute that the city's official policy and practice was to train its police officers to operate their vehicles in compliance with OCGA § 40-6-6 in emergency situations. That statute permits the driver of an authorized emergency vehicle to disregard certain traffic regulations when responding to an emergency call, provided the vehicle is making use of an audible signal and flashing or revolving light; but it contains the following caveat: "(d) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from duty to drive with due regard for the safety of all persons." The record establishes that the city instructed its police trainees as follows with regard to the meaning of the statute: "These exemptions can be used when answering an emergency or when pursuing a suspect. The law says that you can use these exemptions — *but* — you had better not become involved in an accident. If you are involved in an accident, be ready to justify your actions well enough that twelve (12) citizens (not police officers) will be convinced that: (1) an emergency actually existed and (2) that you used due regard for the safety of others. You have to prove *both*." We find this to be an acceptable interpretation of the statute, and we therefore conclude that the city satisfactorily negated the essential allegations of the appellant's § 1983 claim against the city.

2. The court erred in denying the appellant's motion for summary judgment with respect to Officer Paige's counterclaim. As previously indicated, Paige admitted that the scar on which she based her claim of "serious injury" was nothing more than a slight skin discoloration which was smaller than a dime. While a small skin discoloration might, perhaps, qualify as a "permanent disfigurement" within the meaning of OCGA § 33-34-2 (13) if it occurred on the face or some other prominent location, it strikes this court as patently unreasonable for anyone, particularly a police officer, to argue that he or she has been permanently disfigured by a scar on the leg no larger than a vaccination mark. To allow Officer Paige's counterclaim under the undisputed facts of this case would be to subvert one of the primary purposes of the "no-fault" statute, which is "the elimination of wasteful litigation over moderate to small claims." *Davidson v. Bradford*, 245 Ga. 8, 11 (262 SE2d 780) (1980).

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Benham, J., concur.*

Decided May 14, 1985 —
Rehearing denied May 31, 1985 —

*James E. Butler, Jr.*, for appellant.
*Marva J. Brooks, W. Roy Mayes III, George R. Ference, Dan E. White, James H. Fisher II*, for appellees.