### 77719. PEEPLES et al. v. CITY OF ATLANTA.
(377 SE2d 889)

BIRDSONG, Judge.

The appellants, Mrs. Mattie Peeples and Mrs. Henrietta Jackson, are the mother and administratrix, respectively, of Millie Ann Peeples, who was killed when a stolen car being chased by Atlanta Police Officer M. S. McCrary collided with her car. Appellants filed this wrongful death action against the police officer and the City. The City filed a motion to dismiss or in the alternative for partial summary judgment as to any liability over the amount of self-insurance, and that appellants' prayer for punitive damages be dismissed. The trial court, after "having reviewed the record and the briefs on file, and after hearing argument of counsel," gave judgment for the City and dismissed the City "as a party defendant." This appeal followed. The City has filed a motion to dismiss, arguing the trial court's judgment was not one subject to direct appeal but was reviewable only via certificate of immediate review. *Held*:

1. The City of Atlanta was one of two parties being sued. "The entry of a judgment [including dismissal] as to one or more but fewer than all of the claims or parties is not a final judgment under Code Ann. § 6-701 (a) 1 [now OCGA § 5-6-34 (a)] and lacks res judicata effect unless the trial court makes an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists." *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641). The judgment of the court in this instance did not include the statutory words of finality. See OCGA § 9-11-54 (b). However, this finality rule does not apply where the judgment is a grant of summary judgment which is on the merits, has the collateral effect of res judicata, and is directly appealable under OCGA § 9-11-56 (h). *Culwell*, supra at 243. Thus, we must determine whether the court's order was one for summary judgment.

Under OCGA § 9-11-12 (b), "[i]f, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in" OCGA § 9-11-56. Subsection (c) of this statute also treats motions for judgment on the pleadings in the same manner. Although the present motion to dismiss is not couched in terms either that the complaint failed to state a claim, or prayed for judgment on the pleadings, in effect, the relief requested is the same because the claim of immunity is based on the wording of the

complaint and matters outside of the pleadings were considered by the court in reaching its decision.

A motion grounded on a claim of sovereign immunity is one in bar—the same as a claim of the running of the statute of limitations. This court has held that "[s]ince the bar of the statute of limitation appears on the face of the complaint, the defendants could and did raise the question at the trial term by their motion to dismiss the complaint" and the trial court "did not err in . . . sustaining the defendants' motions to dismiss." *Addington v. Ohio So. Express*, 118 Ga. App. 770, 772-773 (165 SE2d 658). The Supreme Court explained that " '[w]hile generally defenses such as the statute of limitation or laches must be affirmatively raised by written answer [cit.], yet where the facts as to such an issue are uncontradicted, it may be disposed of by summary judgment, motion to dismiss or motion for judgment on the pleadings.' " *O'Quinn v. O'Quinn*, 237 Ga. 653, 654 (229 SE2d 428). Thus, where a motion to dismiss is based on a statute of limitation and "it is clear that the trial court considered matters outside the complaint[,] [t]he appellee's motion should therefore have been treated as one for summary judgment and disposed of as provided in Code Ann. § 81A-156 [now OCGA § 9-11-56]." *Hoffman v. PMC Dev. Co.*, 238 Ga. 258 (232 SE2d 541); accord *Atlanta Assoc. v. Westminster Properties*, 242 Ga. 462 (249 SE2d 252). Accordingly, even though the trial court dismissed the action as to the City, it must be treated as one for summary judgment and the grant of summary judgment is directly appealable under OCGA § 9-11-56 (h). The motion to dismiss is denied.

2. Appellants enumerate as error the trial court "taking from the jury the issue of whether the City of Atlanta is liable for the ministerial acts of its agents." The basis for this claim of error is grounded upon OCGA § 36-33-1 (b), which states: "Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskilled performance of their ministerial duties, they shall be liable." The Supreme Court has phrased it thusly: "A municipality is immune from suit for acts it performs which are authorized by law and executed . . . in the exercise of a governmental function. [Cits.] . . . However, the municipality is liable where there is negligence or error . . . in the exercise of a ministerial duty. [Cits.]" *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 425 (249 SE2d 224). Hence, at issue was whether the act of the police officer, in pursuing a driver of a stolen automobile, was performing a "ministerial" or "governmental" function.

"We conclude this constituted a question of law for the trial court and not a question of fact for [the] jury." *City of Valdosta v. Bellew*, 178 Ga. App. 423, 425 (343 SE2d 111). Thus, the trial court

did not err in "taking from the jury the issue of whether the City of Atlanta is liable for the ministerial acts of its agents." Counsel's enumeration did not include the issue of whether the act of the officer was "governmental" or "ministerial" and we will not address that question. But see *Mills v. City of Atlanta*, 175 Ga. App. 8 (1) (332 SE2d 319).

3. Error is enumerated in the ruling of the trial court that the City had *not* "partially waived its immunity by reason of its ownership, maintenance, operation or use of its motor vehicles, as authorized by OCGA § 33-24-51 (b)." This code section provides, in part: "(a) A municipal corporation, a county, or any other political subdivision of this state is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation. . . ." When a municipal corporation "shall purchase the insurance authorized . . . to provide liability coverage for the negligence of any duly authorized officer, agent . . . or employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased." Id. (b).

Our Constitution provides that the General Assembly may waive the immunity of municipalities. Art. IX, Sec. II, Par. IX, 1983 Ga. Const. Thus, the General Assembly has stated that "it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of [this] state . . . except as provided in Code Section 33-24-51. . . ." OCGA § 36-33-1 (a). Moreover, "[a] municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." OCGA § 36-33-3. Hence, the sovereign immunity of municipalities has not been waived, except to the extent of insurance purchased or the city is self-insured (OCGA § 33-24-51 (b)), and in any event the municipality is not liable for the torts of policemen during the discharge of their duties (OCGA § 36-33-3). The City admitted that it is self-insured in the amount of $1,000 in any one incident, for liability arising from the operation or use of its motor vehicles.

At the outset, we will note that appellant's action is based in tort, on state law, and not on a federal cause of action. See *Davis v. City of Roswell*, 250 Ga. 8 (295 SE2d 317); *Acker v. City of Elberton*, 176 Ga. App. 580, 581 (336 SE2d 842). The complaint is grounded upon the actions of a police officer, in the performance of his duties, while attempting to apprehend a fleeing felon. See *Mills*, supra. This court has held that the operation of a police department is a governmental

function. *City of Atlanta v. Fry*, 148 Ga. App. 269 (251 SE2d 90), aff'd 243 Ga. 517 (255 SE2d 48).

Under the foregoing facts and law, it is clear that the police officer was in the performance of his official duties and the trial court did not err in granting summary judgment to the City. We do not view plaintiff's decedent's death as arising from the use, maintenance or operation of the City's motor vehicle. Plaintiff's decedent's death was due to the negligence or wilful misconduct of a fleeing felon in running a red light and as a consequence thereof striking the decedent's car. "Implied waivers of governmental immunity should not be favored." *City of Atlanta v. Gilmere*, 252 Ga. 406, 409 (314 SE2d 204).

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED JANUARY 5, 1989 —
REHEARING DENIED JANUARY 23, 1989.

*Carr & Kessler, Kathleen Kessler*, for appellants.
*Robin S. Phillips, Marva J. Brooks, M. Carole Cooney*, for appellee.