John R. LOFTUS, Jr., and Gwendolyn B. Loftus, Appellants (Plaintiffs),

v.

ROMSA CONSTRUCTION, INC., a Wyoming corporation, Appellee (Defendant).

No. 95–111.

Supreme Court of Wyoming.

March 25, 1996.

Bert T. Ahlstrom, Jr. and Jennifer A. Cudworth, Cheyenne, for Appellants.

James N. Wolfe and David D. Uchner, Cheyenne, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

In this case, John R. Loftus, Jr. and his wife, Gwendolyn B. Loftus (collectively Loftus), question whether an affirmative defense, specifically the statute of repose found in WYO.STAT. § 1–3–111 (1988), must be deemed waived by the failure to plead it or by admitting an inconsistent factual allegation. Romsa Construction, Inc. (Romsa), not only failed to plead the statute of repose in its answer, but it admitted a factual allegation that the home, which allegedly was the product of defective construction, was completed within the ten-year period specified in the statute. In a motion for summary judgment, however, Romsa contended the action was foreclosed by substantial completion of the home more than ten years before the action was filed. The trial court granted that motion after ruling there was no genuine issue of material fact as to when the home was substantially completed. We are in accord with the conclusion of the trial court that there is no genuine issue of fact as to when the home was substantially completed, and we hold the defense of the statute was not waived by either the admission of fact in the answer or the failure to plead the defense. The Order Granting Summary Judgment entered in the trial court is affirmed.

In the Brief of the Appellants filed on behalf of Loftus, the issues are stated to be:

I. At what point in time was the house "substantially completed" so as to call into play the statute of repose, known as W.S. § 1–3–111; and, can Appellants be held to any such determination in any event?

II. If W.S. § 1–3–111 is applicable to Appellants, at what point in time can they be held to said statute?

III. Whether the very nature of the statute of repose mitigates against summary judgment in this case?

IV. Has the Appellee waived the right to interpose the defense of limitation; and otherwise as set forth hereinafter?

V. Whether summary judgment is proper herein pursuant to Rule 56, Wyoming Rules of Civil Procedure, and pursuant to the doctrine of equitable estoppel?

In the Brief of Appellee, this statement appears under the subtitle "Statement of the Issues":

> For purposes of this Brief, the Appellee will accept the issues as presented by the Appellants and address each of them in the order presented.

On January 6, 1984, an agreement to purchase a home in Cheyenne was entered into between Loftus and Romsa. Romsa had constructed the home, and Loftus moved in sometime in February of 1984. Some eight years later, Loftus decided to sell the home, and it was listed with a local realtor in April of 1992. Some potential purchasers had the home inspected and, at that time, a problem with the brick veneer was identified. The inspector concluded the veneer was separating from the walls of the house and, in order to consummate a sale of the home, Loftus paid $7,980 to another contractor to correct the defect. Loftus then agreed to the sale of the home on August 31, 1992.

On December 22, 1993, Loftus filed a Complaint for Monetary Damages, seeking to recover from Romsa the $7,980 expended to have the veneer repaired, pre-judgment and post-judgment interest, and attorney fees and expenses. The allegation material to the resolution of this case is found in paragraph four of the Complaint for Monetary Damages, which reads:

> The home was constructed by Defendant upon the described premises, and was completed the first part of 1984; and Defendant provided Plaintiffs with a "Warranty" on or about February 2, 1994 [sic], relating to the subject house and premises.

In its Answer, Romsa stated in paragraph one:

> Plaintiff admits paragraphs 1, 2, 3, 4, except that the warranty provided was dated February 2, 1984, not 1994, paragraphs 6, 16, and 22.

Romsa did not specifically plead the statute of repose as an affirmative defense, but asserted in its fifth affirmative defense:

> That Plaintiff is barred from recovery by virtue of the doctrine of laches and estoppel.

Subsequently, Romsa filed a Motion for Summary Judgment with supporting exhibits, which stated:

> COMES NOW, the undersigned attorneys for the Defendant in the above-entitled matter and hereby moves the Complaint of the Defendant be dismissed on the grounds and for the reasons the Court lacks jurisdiction inasmuch as **the claims of the Plaintiff are barred by W.S. § 1–3–111, 1977** [Wyoming's ten-year statute of repose] as amended. (Emphasis added.)

Loftus then filed a response, which denied "that this lawsuit is barred by the provisions of W.S. § 1–3–111, 1977, as amended" and requested the district court to "deny and dismiss the [Romsa's] Motion for Summary Judgment."

The district court granted Romsa's motion in an Order Granting Summary Judgment entered on February 23, 1995. The court considered the supporting materials furnished by the parties and concluded the Loftus home was "substantially completed" more than ten years prior to the filing of the action against Romsa. WYO.STAT. § 1–3–110 (1988) provides:

> As used in this act [§§ 1–3–110 through 1–3–113] "substantial completion" means the degree of completion at which the owner can utilize the improvement for the purpose for which it was intended.

WYO.STAT. § 1–3–111 (1988) provides (emphasis added):

> (a) Unless the parties to the contract agree otherwise, no action to recover damages, whether in tort, contract, indemnity or otherwise, shall be brought more than ten (10) years after **substantial completion of an improvement to real property, against any person constructing, altering or repairing the improvement,** manufacturing or furnishing materials incorporated in the improvement, or performing or furnishing services in the design, planning, surveying, supervision, observation or management of construction, or administration of construction contracts for:
>
> (i) Any deficiency in the design, planning, supervision, construction, surveying, manufacturing or supplying of mate-

rials or observation or management of construction;

(ii) Injury to any property arising out of any deficiency listed in paragraph (i) of this subsection; or

(iii) Injury to the person or wrongful death arising out of any deficiency listed in paragraph (i) of this subsection.

(b) Notwithstanding the provisions of subsection (a) of this section, if an injury to property or person or an injury causing wrongful death occurs during the ninth year after substantial completion of the improvement to real property, an action to recover damages for the injury or wrongful death may be brought within one (1) year after the date on which the injury occurs.

(c) This section shall not be construed to extend the period for bringing an action allowed by the laws of this state.

■ In the materials produced to support its Motion for Summary Judgment, Romsa furnished an affidavit by its president in which it is stated:

2. That Romsa Construction, Inc., built the home which is the subject matter of the lawsuit of Loftus v. Romsa. That construction of the home was completed sometime prior to December 20, 1983.

3. That a review of the records of Romsa Construction by your undersigned Affiant, revealed that all of the bills of the construction of the home were paid in full prior to December 20, 1993. Those bills included the installation and completion of the water well and hook up to the house as well as the carpet costs including installation. Both of these matters are amongst the last items to be completed in home construction. The bills are not paid until the work has been completed. The bill for the installation and hook up of the water well was paid on November 8, 1983, and the bill for the carpeting was paid December 7, 1983.

4. The review by your Affiant also revealed that a compliance inspection report revealed that the property was inspected by the VA on or before December 20, 1983. Such inspection is not done until after the home construction is completed.

Copies of the paid bills and the inspection report were attached to the affidavit. It is clear Romsa supported its Motion for Summary Judgment by asserting facts demonstrating the home was "substantially completed" more than ten years prior to the filing of the Complaint for Monetary Damages. In response, the only facts furnished by Loftus were an admission by Mrs. Loftus in her deposition that she did not know when the house was completed. Loftus relied solely upon the transaction dates involved in the sale from Romsa to Loftus. We have no difficulty concluding, as the trial court did, that there was no genuine issue of material fact as to when the home was "substantially completed."

■ We turn to the substantive legal issues. Loftus contends Romsa waived the affirmative defense of the statute of repose in two ways. The first contention is that Romsa admitted the home was completed the first part of 1984. The second assertion of waiver arises out of the asserted failure to plead the affirmative defense. The first argument seems somewhat amorphous because, indeed, the home may have been completed by January of 1984. Therefore, it was appropriate for Romsa to admit the truth of that allegation. This admission does not foreclose Romsa from pointing out the home actually was completed at some earlier date, nor is it foreclosed from asserting it was "substantially completed" at some earlier date. The admission of a truthful allegation does not manifest any intention by Romsa to accomplish an "intentional relinquishment of a known right * * * in some unequivocal manner." *See Ranger Ins. Co. v. Cates,* 501 P.2d 1255, 1259 (Wyo.1972). When we couple this proposition with the affirmative assertion of the defense of "laches and estoppel," we are satisfied that, under appropriate rule of law, Romsa did not waive the statute of repose by its admission in the answer, or by any failure to plead it.

Our conclusion with respect to waiver is supported by the policy favoring amendments found in Wyo.R.Civ.P. 15, which provides, in pertinent part:

(a) *Amendments.*—A party may amend the party's pleading once as a matter of

course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

(b) *Amendments to conform to the evidence.*—When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

We have no question that the district could have, and probably should have, permitted an amendment of Romsa's answer if amendment had been sought. *E.g., Apodaca v. Ommen,* 807 P.2d 939 (Wyo.1991); *Harris v. Grizzle,* 599 P.2d 580 (Wyo.1979). After the initial pleadings, discovery often produces new claims that may be asserted as well as the factual basis for additional defenses. Romsa assuredly would have been entitled to amend its answer prior to any trial on this issue.

■ We have applied this rule when issues not raised in the pleadings are nonetheless adjudicated at trial either by the express or implied consent of the parties. The issues tried by the court are treated as if raised in the parties' pleadings. *Jankovsky v. Halladay Motors,* 482 P.2d 129 (Wyo.1971); *Title Guar. Co. of Wyo., Inc. v. Midland Mortgage Co.,* 451 P.2d 798 (Wyo.1969); *Lore v. Town of Douglas,* 355 P.2d 367 (Wyo.1960). In fact, amendment of the pleadings under WYO. R.CIV.P. 15(b) is mandatory if the court finds a specific issue was tried, either expressly or impliedly, by the parties. *Bragg v. Marion,* 663 P.2d 505 (Wyo.1983).

Other jurisdictions have addressed the rule's significance in the context of pretrial motions. For example, in *County of Rutherford ex rel. Hedrick v. Whitener,* 100 N.C.App. 70, 394 S.E.2d 263 (1990), the North Carolina court deemed the parties' pleadings amended, where neither the answer nor the motion to dismiss referenced the affirmative defense of res judicata. In that case, the court held a summary judgment hearing and considered evidence of the affirmative defense with consent of both parties. The court significantly stated in its decision:

> [A]n affirmative defense sought to be raised for the first time in a motion for summary judgment "must ordinarily refer expressly to the affirmative defense relied upon." 302 N.C. at 443, 276 S.E.2d at 329. In the absence of an expressed reference in the motion for summary judgment, if the "affirmative defense was clearly before the trial court," the failure to expressly mention the defense in the motion will not bar the trial court from granting the motion on that ground. *Id.,* at 443, 276 S.E.2d at 330. **Furthermore, where a motion for summary judgment is supported by matters outside the pleadings, the pleadings are deemed amended if in fact the issue not raised by the pleadings or by the motion for summary judgment is tried by the express or implied consent of both parties.**

*Whitener,* 394 S.E.2d at 265 (emphasis added, citations omitted).

Because both parties addressed the issue, no prejudice was sustained by either, and the pleadings were deemed amended by the North Carolina court to reflect consideration of the affirmative defense. *Whitener. See also Peeples v. City of Atlanta,* 189 Ga.App. 888, 377 S.E.2d 889 (1989).

■ These cases are persuasive, and these courts appropriately elevated substance over form in allowing consideration of affirmative defenses outside the four corners of the original answer to a complaint. Since Wyoming courts can amend the parties' pleadings based on the issues and evidence presented at trial, there is no reason pleadings cannot be deemed amended to reflect the issues and evidence adduced through a motion for sum-

mary judgment. When there is no issue of material fact and the affirmative defense disposes of the entire case because the moving party is entitled to judgment as a matter of law, the outcome is identical to a trial. Amendment of the pleadings to conform to the evidence presented should be allowed in either situation.

As in *Whitener*, the district court considered Romsa's motion for summary judgment based upon the affirmative defense of the statute of repose. Not only was the issue presented to the trial court, but the defense was asserted in Romsa's motion for summary judgment. No prejudice has resulted to Loftus as the non-moving party because the issue of the statute of repose was considered and briefed by Loftus, and it was adequately considered by the district court before granting summary judgment to Romsa.

We turn then to whether the statute of repose appropriately was asserted by virtue of the Motion for Summary Judgment. In *Pickle v. Bd. of County Comm'rs of the County of Platte*, 764 P.2d 262, 264 (Wyo. 1988), we held that allowing an affirmative defense to be asserted by an amendment to the answer, but disallowing that defense if presented by a motion for summary judgment is a "mechanistic application of the waiver rule." Both the amendment of the pleadings and the motion for summary judgment are procedural devices available prior to trial. In *Pickle*, 764 P.2d at 264, we quoted from 2A MOORE'S FEDERAL PRACTICE ¶ 8.28 (1987) language applicable to this case:

> [T]here is a split in authority as to whether a defendant may, subsequent to filing an answer, move for summary judgment on the basis of an affirmative defense omitted from the answer. While some cases hold that an affirmative defense not raised in the answer is waived and, therefore, not available as a basis for a summary judgment motion, other holdings provide that, absent prejudice to plaintiff, an affirmative defense may be raised by a motion for summary judgment regardless of whether it was pleaded in the answer or not. The latter position is more in keeping with the general purpose of the Federal Rules to avoid decisions based on pleading technicalities rather than the merits of the case.

Another leading treatise on the federal rules of civil procedure, after which we have patterned our WYOMING RULES OF CIVIL PROCEDURE, has this to say:

> Numerous cases state that the affirmative defenses listed in Rule 8(c), and any other defense that is not specified in Rule 12(b), must be asserted in defendant's answer and cannot be the basis for a motion to dismiss the complaint, to vacate an attachment, or to strike. The Third Circuit and several other courts, however, seem to follow the rule that all affirmative defenses may be presented by these motions. The rule against raising defenses by motion is based on the view that motions to dismiss or to strike cannot be used to resolve disputed fact questions, and that courts should avoid "little trials" on the pleadings because under federal practice the pleadings are designed merely to provide notice of the respective claims and defenses of the adversaries. Since the facts necessary to establish an affirmative defense generally must be shown by matter outside the complaint, the defense technically cannot be adjudicated on a motion under Rule 12. According to this conception, motions to dismiss or to strike only can attack matters appearing on the face of the complaint; new defensive material therefore must be raised by answer.
>
> In practice, even courts purporting to follow the rule against raising defenses by motion often tend to reach the same result as does the Third Circuit. Many courts permit affirmative defenses to be asserted by motion, even when the defenses are not available on the face of the complaint. This is especially true as to those defenses that seem likely to dispose of the entire case or a significant portion of the case and defenses that require factual inquiry for their adjudication. In situations such as these, the courts appear to be wise in overlooking the formal distinctions between affirmative defenses and motions, which have their primary justification in history rather than logic.

**Obviously, courts may consider evidence beyond the pleadings bearing on a challenge that falls within the scope of the Rule 8(c) affirmative defenses on a motion for summary judgment.** In addition, both Rule 12(b) and Rule 12(c) provide that when affidavits or other matter outside the pleadings is presented to the court on a motion to dismiss or for judgment on the pleadings and this matter is not excluded, the motion "shall be treated" as one for summary judgment. **Thus, in practice, courts that allow the adjudication of affirmative defenses on a motion to dismiss or for judgment on the pleadings are converting these motions into summary judgment motions** and normally will give all parties the opportunity provided by Rule 56 to present pertinent evidentiary material to the court.

5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277, at 461–66 (2d ed. 1990) (footnotes omitted, emphasis added).

Affirmative defenses can be asserted by motion when a set of undisputed facts disclosed by affidavits and depositions demonstrates the movant is entitled to judgment as a matter of law. *See Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd.,* 185 F.2d 196 (9th Cir.1950), *cert. denied,* 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951); *reh'g denied,* 341 U.S. 912, 71 S.Ct. 620, 95 L.Ed. 1349 (1951); *Pantzer v. Shields Dev. Co.,* 660 F.Supp. 56 (D.Del.1986); *City of Yonkers v. Otis Elevator Co.,* 649 F.Supp. 716 (S.D.N.Y. 1986), *aff'd,* 844 F.2d 42 (1988). The cases also indicate that defenses should be allowed in a motion for summary judgment or a motion to dismiss if these defenses are likely to dispose of the entire case. The presentation of affirmative defenses by motion will depend upon a conclusion that there is no prejudice to the opposing party.

While a split of authority can be identified in the trial courts, after the amendment to the federal rules of civil procedure in 1966, most allow an affirmative defense to be raised either in a motion to dismiss or in a motion for summary judgment. An example can be found in a case in which a defendant failed to raise the statute of limitations in the answer, but the court allowed the defense to be raised in a memorandum in support of a motion for summary judgment. *Quigley v. Hawthorne Lumber Co.,* 264 F.Supp. 214 (S.D.N.Y.1967). *See also Wade v. Lynn,* 181 F.Supp. 361 (N.D.Ohio 1960) (holding defense of statute of limitations not waived when asserted in a motion for summary judgment, rather than in the answer).

Other state jurisdictions permit affirmative defenses to be asserted either in the answer, by a motion to dismiss, by a motion for summary judgment, or by a motion for judgment on the pleadings. In Missouri, the statute of limitations can be raised in a motion to dismiss. *Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180 (Mo.Ct.App.1982); *Follmer's Market, Inc. v. Comprehensive Accounting Serv. Co.,* 608 S.W.2d 457 (Mo.Ct. App.1980). *See Uber v. Missouri Pacific R.R. Co.,* 441 S.W.2d 682 (Mo.1969). In Florida, Georgia, North Carolina, and Tennessee, affirmative defenses may be raised by motion, although not asserted in a responsive answer to the complaint. *Fletcher v. Williams,* 153 So.2d 759 (Fla.Ct.App.1963); *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga.App. 342, 173 S.E.2d 723 (1970); *Whitener; Usrey v. Lewis,* 553 S.W.2d 612 (Tenn.Ct.App.1977). The rationale of these courts is their perception that the merits of the affirmative defense should be the basis of decision rather than pleading technicalities. In this regard, *Bredthauer v. TSP,* 864 P.2d 442 (Wyo.1993), clearly is analogous. We there permitted the statute of repose to be substituted for the statute of limitations after remand of the case for further proceedings.

■ We are satisfied that, given the policy of liberality expressed in our rules of civil procedure and the specific resolutions of amendments to those pleadings, even to the point of amending the pleadings to conform to evidence, the assertion of an affirmative defense in a motion for summary judgment is not only appropriate, but is just. A party should not be deprived of his right to prevail on the merits by some technical failure in the pleadings. In this instance, like in *Whitener,* the trial court considered the motion for summary judgment which encompassed the affirmative defense of the statute of repose

after looking at supporting evidence on both sides. The parties debated that issue, and we can perceive no specific prejudice in reliance upon the statute of repose by the trial court. Loftus was unable to present any evidence to counter the showing by Romsa that "substantial completion" occurred more than ten years prior to the filing of the action.

The Order Granting Summary Judgment in this case is affirmed.