**Dora PILA, Administratrix, etc.,
Plaintiff, Appellant,**

v.

**G. R. LEASING AND RENTAL
CORPORATION et al.,
Defendants, Appellees.**

**No. 76–1557.**

United States Court of Appeals,
First Circuit.

April 6, 1977.

Gregory D. Robbins, Portsmouth, N.H., with whom John H. McEachern and Shaines, Madrigan & McEachern, Portsmouth, N.H., was on brief for appellant.

Gregory D. Prymak, with whom Devine, Millimet, Stahl & Branch, Manchester, N.H., was on brief, for appellee, G.R. Leasing and Rental Corp.

Before MOORE,* ALDRICH and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiff Dora Pila's 19-year-old son was killed in North Springfield, Vermont when the motorcycle he was operating collided with a truck owned by defendant G. R. Leasing and Rental Corporation ("Leasing") and driven by its employee. Leasing is incorporated in, and the driver is alleged to be a resident of, New Hampshire. A few days before the statute of limitations expired, plaintiff, a New York resident, brought this diversity action in the District of New Hampshire against Leasing and its driver. They answered, denying liability, and simultaneously moved to dismiss on four grounds: plaintiff's lack of capacity to sue, the running of the statute of limitations, lack of diversity jurisdiction, and the defense of comparative negligence. When plaintiff did not file a timely response, the action was dismissed under local rule 11 and judgment was entered in defendants' favor. Plaintiff then moved to set aside judgment, and defendants opposed, filing an additional motion to dismiss which raised for the first time the defense of insufficiency of service of process. The district court allowed the motion to set aside judgment but again dismissed, this time "for lack of jurisdiction due to failure to properly serve the defendants." After a rehearing limited to the issue of the sufficiency of service on Leasing, the court ordered the case once more dismissed. It is from this order finding no jurisdiction over defendant Leasing that plaintiff appeals.

Defendants first stated in their amended motion to dismiss for insufficiency of service of process,

"That on information and belief, service against G. R. Leasing and Rental Corporation was made by a U.S. Marshal for the District of New Hampshire by giving in hand to the President of the Defendant corporation, a copy of the Summons and Complaint, said service taking place in Springfield, Vermont."

They went on to say that the marshal was without authority to serve Leasing in this manner, and that the district court therefore lacked jurisdiction. The district court agreed that service outside the territorial jurisdiction of New Hampshire was ineffective to confer jurisdiction. Plaintiff argues that service was effective under Fed.R. Civ.P. 4(e) because "under the circumstances and in the manner prescribed" by New Hampshire law regarding service of process on corporations.[1] The marshal had authority to make service out of state, it is argued, because neither the clerk, nor the treasurer, nor any director, trustee or manager of the corporation could be found in the state. And plaintiff claims the equities are all on her side since the marshal's inability to locate anyone in New Hampshire able to accept service on behalf of defendant Leasing was due to the corporation's having shifted its locus of operations to Vermont and its failure to list correctly the name of the resident clerk of the corporation on its annual returns filed with the Secretary of State. New Hampshire law requires that the clerk of every business corporation "be and continue an inhabitant" of the state, N.H.Rev.Stat.Ann. § 294:87, and as this case shows the requirement is more than formality: defendant's failure to designate on its annual return a clerk who resided in New Hampshire severely hampered the marshal in his efforts to effect service.

■ Still, plaintiff faces formidable difficulties to establish compliance with Fed.R. Civ.P. 4. Fortunately we need not grapple with them since defendant waived its insufficiency of service defense by not having raised it by answer or in the accompanying motion. Fed.R.Civ.P. 12(g) & (h). The

---

* Of the Second Circuit sitting by designation.

1. The relevant state statute, N.H.Rev.Stat.Ann. § 510.14, provides:

"Service of writs against other corporations may be made upon the clerk, treasurer, or one of the directors, trustees, or managers, if any in the state; otherwise upon any agent, overseer, or other person having the care of any of the property, or charge of any of the business of the corporation, or any principal member or stockholder thereof."

Rules provide that the defense of insufficiency of service of process is waived if omitted from a motion to dismiss, and may not be raised thereafter. *See* 2A Moore's Federal Practice §§ 12.22 & .23. By not including this defense initially, defendant was precluded from raising it by a later motion. *See Tiernan v. Dunn,* 295 F.Supp. 1253 (D.R.I.1969). Defendant, in filing an answer and other motions, accepted and submitted itself to the court's in personam jurisdiction. *See Zelson v. Thomforde,* 412 F.2d 56 (3d Cir. 1969); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1391 (1976 Supp.); 2 Moore's Federal Practice § 4.02[3] at 954–55.

We do not accept defendant's claim that this point was waived because not raised below. It is regrettable that it was not, but being a fundamental and incurable matter, it is a candidate for exceptional treatment. *See Dobb v. Baker,* 505 F.2d 1041, 1044 (1st Cir. 1974). Particularly where the defects of service resulted in very large measure from defendant's noncompliance with state law requiring it to designate a resident clerk who could have accepted service, the interests of justice would not be promoted by ignoring the plain fact of in personam jurisdiction. *Cf. Hormel v. Helvering,* 312 U.S. 552, 558, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). The district court's comment that there is "no good reason why this case should be tried in New Hampshire" might be appropriate, if the issue were one of transfer under 28 U.S.C. § 1404, but had no relation to a dismissal for lack of jurisdiction. It seems peculiarly harsh when the consequence of dismissal is that the statute of limitations would prevent the insitution of a new suit in either jurisdiction.

Dismissal of the complaint for lack of jurisdiction over Leasing was improper, and the complaint against it must be reinstated.

*Reversed.*