1997-NMCA-095

945 P.2d 1040

**Calandra ROBINSON–VARGO,**
**Plaintiff–Appellant,**

v.

**Kevin M. FUNYAK, Defendant–Appellee.**

No. 17854.

Court of Appeals of New Mexico.

Aug. 26, 1997.

Cheryl McLean, Albuquerque, for Plaintiff–Appellant.

Brian K. Branch, The Branch Law Firm, Albuquerque, for Defendant–Appellee.

## OPINION

DONNELLY, Judge.

1. This case requires us to decide whether the giving of notice by mail and assertion of an attorney's charging lien by a nonresident attorney upon the proceeds of a settlement obtained by a New Mexico lawyer subjects the nonresident lien-claimant to the personal jurisdiction of a New Mexico court under this state's long-arm statute. Under the circumstances presented here, we hold that New Mexico courts lack personal jurisdiction over Defendant.

## FACTS

2. Plaintiff Calandra Robinson–Vargo, a New Mexico resident, was injured in an automobile accident on May 10, 1993, in Wolf Point, Montana. Following the accident, Plaintiff returned to New Mexico. In February 1995 she telephoned Defendant Kevin M. Funyak, of the Edwards Law Firm in Billings, Montana, and requested that they represent her in attempting to recover damages from the parties responsible for the accident. Defendant prepared a written contract memorializing an employment agreement detailing the terms of a contingent fee agreement, and mailed it to Plaintiff in Albuquerque, New Mexico.

3. Plaintiff signed the agreement and returned it to Defendant in Montana, where Defendant then signed it on behalf of the Edwards Law Firm in April 1995. In late September Defendant advised Plaintiff he had received an offer of settlement from an insurance company. Plaintiff informed Defendant she was not ready to settle and wanted another attorney she had engaged in Albuquerque, New Mexico, to review the proposed settlement. Shortly thereafter, Plaintiff requested that Defendant send a copy of his file to her Albuquerque attorney. A few weeks later, Plaintiff sent Defendant a letter dated October 11, 1995, notifying him that she was terminating his employment and that she no longer wished him or the Edwards Law Firm to represent her.

4. Following Defendant's receipt of the letter terminating his employment, Defendant mailed a notice to Plaintiff and her Albuquerque attorney stating that he was asserting an attorney's charging lien on any settlement proceeds or other recovery which Plaintiff might obtain. The notice of lien, dated October 31, 1995, stated in applicable part:

> CHERYL MCLEAN, esq., is informed that THE EDWARDS LAW FIRM asserts this lien against any form of settlement or other recovery which [Plaintiff] receives from any source whatsoever as a result of the injuries/damages she incurred as a result of a motor vehicle accident which occurred on or about May 10, 1993. This lien specifically attaches to all proceeds or payments payable by insurer, FARMERS ALLIANCE INSURANCE COMPANY.
>
> This lien is claimed pursuant to § 37–61–420, MCA [Montana Code Ann.], relevant Montana Contract Law including, but not limited to § 27–1–311, MCA and Title 28, MCA, et al., and all relevant Montana case law precedent.

5. In March 1996 her New Mexico attorney settled Plaintiff's personal injury claim with Farmers Alliance Mutual Insurance Company (Farmers). Plaintiff received two settlement checks from Farmers. One check dated March 27, 1996, in the sum of $11,872.87 was payable to Plaintiff, her husband, and Defendant.

6. Attempts by Plaintiff's New Mexico attorney to settle Defendant's lien claim were unsuccessful and, on April 18, 1996, Plaintiff filed a declaratory judgment action in the Bernalillo County District Court in Albuquerque seeking to have the court declare Defendant's lien claim void. Defendant was served with a copy of the complaint and summons in Montana. In response to this action, Defendant filed a motion to dismiss, challenging both venue and jurisdiction. Following a hearing on the motion, the district court granted the motion to dismiss.

## DOES NEW MEXICO HAVE PERSONAL JURISDICTION OVER DEFENDANT?

7. Plaintiff argues that Defendant's service of a notice of an attorney's charging lien, by mail, upon her and her New Mexico attorney constituted the transaction of business in New Mexico and, thus, subjected Defendant to the personal jurisdiction of the New Mexico courts. Plaintiff also contends that Defendant waived any objection to the assertion of personal jurisdiction over him by the New Mexico court because he failed to properly raise such defense in accordance with NMRA 1997, 1–012(G) and (H).

■ 8. Before addressing Plaintiff's jurisdictional arguments, we pause briefly to observe that states differ concerning their recognition and treatment of attorneys' charging liens. In some jurisdictions the right exists, if at all, solely pursuant to statute. *See Rhodes v. Martinez*, 122 N.M. 439, 441, 925 P.2d 1201, 1203 (Ct.App.1996). The lien in New Mexico, however, has been found to have its origin in the common law. *Id.* In Montana the right to an attorney's charging lien is recognized by statute. *See* Mont. Code Ann. § 37–61–420 (1992). Unlike most liens, an attorney's charging lien is not dependent upon the claimant's possession of the res which is the subject of the lien claim. *See Prichard v. Fulmer*, 22 N.M. 134, 140, 159 P. 39, 41 (1916); *Brauer v. Hotel Assocs., Inc.*, 40 N.J. 415, 192 A.2d 831, 834 (1963); *State ex rel. Oklahoma Bar Ass'n v. Cummings*, 863 P.2d 1164, 1169 (Okla.1993). *See generally* 7 Am.Jur.2d *Attorneys at Law* § 324 (1980).

■ 9. We turn next to a consideration of Plaintiff's assertion that Defendant waived any challenge to personal jurisdiction in the declaratory judgment action because Defendant initially filed a motion under Rule 1–012(B)(3) to dismiss for lack of proper venue, without joining it with a motion to dismiss for lack of personal jurisdiction. Plaintiff points out that after Defendant was served with a copy of the complaint and summons in Montana, he filed a motion to dismiss based upon improper venue. Plaintiff argues that although Defendant subsequently filed an amended motion to dismiss for improper venue *and* lack of personal jurisdiction, he is

barred from contesting the court's personal jurisdiction over him because it was not raised in his original motion as required by Rule 1–012(G) and (H)(1), (2).

10. Rule 1–012(G) provides in applicable part:

G. **Consolidation of defenses in motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in Subparagraph (2) of Paragraph H of this rule. . . .

11. Rule 1–012(H)(2) provides:

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 1–019 and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 1–007, or by motion for judgment on the pleadings, or at the trial on the merits.

12. As shown by the record, Defendant filed an amended motion joining the defenses of lack of venue and lack of personal jurisdiction prior to the date a hearing was scheduled to be held on the motions. Plaintiff failed to raise any objection at the motion hearing to Defendant's filing of the amended motion. Instead, Plaintiff filed a response to Defendant's amended motion specifically addressing the merits of Defendant's claim of lack of personal jurisdiction. Thereafter, the district court considered the Parties' arguments concerning the motion to dismiss under Rule 1–012(B)(2), (3), and granted Defendant's motion. Plaintiff's assertion that Defendant waived the defense of lack of personal jurisdiction was first raised in her brief-in-chief filed in this appeal. Under these circumstances, we conclude that any claim of waiver of an affirmative defense on the part of Defendant was itself waived by Plaintiff. *Cf. Arch, Ltd. v. Yu*, 108 N.M. 67,

70, 766 P.2d 911, 914 (1988) (where issue is raised before court, is litigated without objection, and is ruled upon by court, failure to properly plead matter held not waived); *Skeet v. Wilson*, 76 N.M. 697, 701, 417 P.2d 889, 891 (1966) (amendment seeking to rely on defense which was litigated without objection, although not pleaded, may be allowed by court).

13. Plaintiff also argues that the district court erred in granting the motion to dismiss and determining that she failed to obtain personal jurisdiction over Defendant pursuant to the New Mexico long-arm statute. NMSA 1978, § 38-1-16(A) (1971). Specifically, she argues that Defendant's act of serving Plaintiff and her attorney with notice of an attorney's charging lien claiming an interest in the settlement proceeds held by Plaintiff's New Mexico attorney, and Defendant's telephone calls and correspondence to Plaintiff's New Mexico attorney discussing possible settlement of the lien claim, were acts which constituted the transaction of business in New Mexico. She asserts that by engaging in these acts, Defendant purposely availed himself with the benefits and protections of New Mexico law, thereby subjecting himself to the provisions of Section 38-1-16(A)(1).

14. New Mexico courts apply a three-part test for determining whether personal jurisdiction has been obtained over a nonresident defendant. The inquiry requires ascertaining whether (1) the defendant has done one or more acts enumerated in the long-arm statute; (2) the plaintiff's cause of action arises out of such act or acts; and (3) the defendant's acts were sufficient to satisfy minimum constitutional due process concerns. *See Sanchez v. Church of Scientology*, 115 N.M. 660, 663, 857 P.2d 771, 774 (1993); *DeVenzeio v. Rucker, Clarkson & McCashin*, 121 N.M. 807, 809, 918 P.2d 723, 725 (Ct.App.), *cert. denied*, 121 N.M. 783, 918 P.2d 369 (1996).

15. In resolving the question of whether a nonresident defendant has transacted business within this state, the court examines a number of factors, including the voluntariness of the defendant's contact with the state, the nature of the transaction, the applicability of New Mexico law, the contemplation of the parties, and the location of potential witnesses. *See Kathrein v. Parkview Meadows, Inc.*, 102 N.M. 75, 76–77, 691 P.2d 462, 463–64 (1984). Before New Mexico courts may exercise personal jurisdiction over a nonresident defendant pursuant to this state's long-arm statute, the court must also determine that the defendant has had sufficient minimum contacts with New Mexico so that maintenance of the suit against the defendant "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342–43, 85 L.Ed. 278 (1940)); *see also Doe v. Roman Catholic Diocese of Boise, Inc.*, 121 N.M. 738, 743, 918 P.2d 17, 22 (Ct.App.), *cert. denied*, 121 N.M. 693, 917 P.2d 962 (1996).

16. Applying the above factors to the record before us, we believe the district court properly granted the motion to dismiss. Defendant did nothing in New Mexico to initially solicit Plaintiff's business; rather, Plaintiff called Defendant in Montana. The contingency fee contract signed by Plaintiff was finalized in Montana, and the notice of lien served by mail on Plaintiff and her New Mexico attorney recited that "[t]his lien is claimed pursuant to § 37–61–420, MCA [Montana Code Ann.], relevant Montana Contract Law including, but not limited to § 27–1–311, MCA and Title 28, MCA, et al., and all relevant Montana case law precedent." A review of the contents of the notice of lien indicates that Defendant is not seeking to invoke New Mexico law in an effort to perfect his lien. He simply gave Plaintiff notice of the assertion of his lien under Montana law. Nothing in the correspondence or notice of lien claim relied upon by Plaintiff supports a claim that Defendant has purposefully availed himself of the benefits or protection of New Mexico law. Nor do we believe that Defendant's telephone calls and letters to Plaintiff's New Mexico attorney were sufficient to establish requisite due process minimum contacts with New Mexico. *See Sanchez*, 115 N.M. at 664, 857 P.2d at 775 (ordinarily use of mails, telephone, or

other international communication does not constitute a purposeful activity invoking benefits and protections of forum); *DeVenzeio*, 121 N.M. at 809–10, 918 P.2d at 725–26 (same).

17. There is no evidence that Defendant has maintained an office in this state or has solicited business in New Mexico. Similarly, there is no evidence that Defendant has ever sought to practice law in this state or that he has appeared in any New Mexico court, other than the instant case wherein he has specifically challenged Plaintiff's claim of personal jurisdiction and sought to obtain an order of dismissal. Finally, there is an absence of any showing that Defendant engaged in business or entered into any contract with Plaintiff or others within this state or engaged in any acts enumerated in this state's long-arm statute so as to subject him or his law firm to the personal jurisdiction of the New Mexico courts. Defendant's contacts with the forum state are not such that he could reasonably be said to have anticipated being haled into the courts of this state. *See Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 146, 717 P.2d 596, 599 (Ct.App.1986). Under this state of the record, the district court declined to reach the merits of the declaratory judgment action and properly granted the motion to dismiss for lack of personal jurisdiction over Defendant.

## CONCLUSION

18. The order granting Defendant's motion to dismiss for lack of personal jurisdiction is affirmed.

19. IT IS SO ORDERED.

PICKARD and FLORES, JJ., concur.