1999-NMCA-057

979 P.2d 733

**Kelly RUPP, Plaintiff–Appellant,**

v.

**Lloyd HURLEY, M.D., and Sidney Schultz, M.D., Defendants–Appellees.**

**No. 18,272.**

Court of Appeals of New Mexico.

March 5, 1999.

Steven L. Tucker, Tucker Law Firm, P.C., Santa Fe, for Appellant.

Alice Tomlinson Lorenz, Ranne B. Miller, Miller, Stratvert & Torgerson, P.A., Albuquerque, Michael J. Dekleva, Madison, Harbour, Mroz & Brennan, P.A., Albuquerque, for Appellees.

## OPINION

BUSTAMANTE, Judge.

{1} This case aptly illustrates the observation that procedural miscues can produce quite substantive consequences. The district court dismissed Plaintiffs medical malpractice action against her treating physicians because "Plaintiff failed to exercise reasonable diligence in serving process on the Defendant Doctors." Plaintiff appeals the dismissal, arguing that under Rules 1–012(G) and 1–012(H) NMRA 1999, Defendants waived the right to challenge the sufficiency of service upon them because they did not raise the issue in their first answer or in their first motion filed under Rule 1–012(B).

Acknowledging that they did not mention any problems with service in their initial pleadings, Defendants offer a number of approaches to affirmance, including: (1) their motion was not premised solely on Rule 1–012(B)(5), but rather addressed broader inherent powers of the court; (2) their failure to meet the strict letter of Rule 1–012(H) should be excused because they were initially not aware that they had been named in the original complaint; (3) the trial court's·order should be viewed as a sanction, reversible only for abuse of discretion; and (4) Plaintiff waived her Rule 1–012(H) objection by raising it too late. Unpersuaded, we reverse and remand.

*FACTS AND PROCEEDINGS*

{2} According to the complaint, on June 18, 1991, Defendants performed hip replacement surgery on Plaintiff. During the surgery, Plaintiff's right femur broke. Defendants elected to repair the break with a particular type of metal fracture plate which was used as a veterinary specialty plate. Approximately five weeks after the surgery, the metal plate broke, requiring additional surgery.

{3} On June 16, 1994, Plaintiff filed a complaint for personal injuries. The complaint asserted multiple causes of action against Defendants, including medical negligence, breach of contract and fiduciary duty, negligent infliction of emotional distress and various warranty claims. The complaint also stated a products liability claim against the "manufacturer/designer" of the metal plate. Also on June 16, 1994, Plaintiff filed an application with the Medical Review Commission pursuant to NMSA 1978, § 41–5–15 (1976). Defendants received notice of the Medical Review Commission application within a few days, and they were represented before the Medical Review Commission by the same counsel who represented them in the district court action. The Medical Review Commission met on November 3, 1994, and issued its unanimous decision in favor of Defendants the next day.

{4} The record reveals no activity in the district court from the date the complaint was filed until January 6, 1995, when Plaintiff filed an amended complaint. The amended complaint named a new entity as the manufacturer/designer of the plate and added another cause of action (fraud and lack of informed consent) against Defendants. The record reveals no effort by Plaintiff to serve Defendants with the original complaint prior to filing the amended complaint. Upon filing the amended complaint, Plaintiff sought to have new summonses issued, but apparently ran into some difficulty with the district court clerk's office doing so. New summonses were issued after the district court entered an order in April 1995. Plaintiff finally served Defendants with the amended complaint on May 15, 1995.

{5} Pursuant to an extension of time to which Plaintiff agreed, Defendants filed their first answer on July 17, 1995. The answer did not mention Rule 1–012(B)(5) or otherwise include a defense challenging the propriety or timeliness of service of process on Defendants. The answer did include a statute of limitations affirmative defense.

{6} Thereafter, on August 8, 1995, Defendants filed a motion with supporting authorities seeking dismissal of Counts VII and VIII of the amended complaint for failure to state a claim upon which relief could be granted. Counts VII and VIII asserted claims for breach of implied warranties under provisions of the New Mexico Uniform Commercial Code. The motion and accompanying brief made no mention of Rule 1–012(B)(5) and did not otherwise challenge the propriety or timeliness of service of process on Defendants.

{7} On September 14, 1995, Defendants filed a "Motion to Dismiss for Failure to Serve Process in a Timely Manner," seeking dismissal with prejudice of the action because Plaintiff "failed to exercise due diligence to timely serve these defendants within a reasonable period of time after initiating her lawsuit." Neither the motion nor the accompanying memorandum brief mentions Rule 1–012(B)(5) specifically, a circumstance upon which Plaintiff relied in her arguments to the district court. Defendants now rely on the same circumstance on appeal as a ground for affirmance.

{8} On October 12, 1995, Plaintiff filed her response to the motion to dismiss for failure to timely serve process. Plaintiff failed to assert or argue that the Defendants' motion was itself untimely pursuant to the provisions of Rules 1–012(G) or 1–012(H)(1). Instead, Plaintiff's response was factually based. Plaintiff argued Defendants had notice of the filing of the original complaint and that service was delayed with at least their tacit approval in order to accommodate the Medical Review Commission process. Plaintiff also vaguely asserted that Defendants had failed to cooperate in her attempts to arrange a convenient time and place for effecting service. Defendants took issue with Plaintiff's factual assertions by memo filed October 25, 1995.

{9} Following a hiatus in the litigation—caused in part by an appeal to this court on an issue unrelated to the matter before us now—Plaintiff filed an amended response to the motion to dismiss for untimely service. Again Plaintiff did not mention Rules 1–012(G) or 1–012(H)(1). Instead, she reasserted that she had exercised "reasonable diligence" within the meaning of Rule 1–004(F) NMRA 1999, and that in any event a large portion of the delay had occurred "at the behest of defense counsel," and because of difficulty scheduling an appointment with Defendants to effect service.

{10} In their reply to Plaintiff's amended response, Defendants again controverted Plaintiff's factual assertions concerning the reason for the delay. In particular, they denied that their counsel had any knowledge of the filing of the original complaint. Defendants also denied that they or counsel had any contact or conversations concerning service of the complaint until after the amended complaint was served in May 1995.

{11} The trial court held an evidentiary hearing on December 20, 1996. Defendants presented testimony concerning the routine practice of their insurer and attorneys in responding to filed litigation, as well as receipt and handling of the amended complaint served on Defendants in May 1995. Plaintiff presented testimony from a former employee of her attorney concerning difficulties encountered in having the clerk's office issue a summons and in effecting service on the Defendants.

{12} In argument, Defendants denied any knowledge of the filing of the suit until May 1995. In particular, defense counsel denied any personal knowledge of the suit prior to service on Defendants, in direct contradiction to Plaintiff's counsel's representations made in pleadings and affidavits. Plaintiff's counsel argued that the delay was not undue and was perhaps unavoidable. Plaintiff asserted she had to file her complaint in June 1994 because there were some defendants who were qualified health care providers under the Medical Malpractice Act, NMSA 1978, §§ 41–5–1 to 41–5–29 (1976, as amended through 1997), and some who were not. Plaintiff noted that the statute of limitations could not be tolled as to the defendants who were not covered by the Medical Malpractice Act except by the filing of a complaint. *See id.* § 41–5–22. However, Plaintiff was in a dilemma, according to her counsel, because she could not serve the complaint on those defendants who were qualified health care providers prior to the decision by the Medical Review Commission. After the Medical Review Commission decision, Plaintiff asserted she could not serve the amended complaint earlier because the court clerk refused to issue a new summons until April, when she was ordered to do so.

{13} In addition, Plaintiff's counsel argued that Defendants' motion to dismiss was itself untimely filed "because it wasn't raised in the original answer." At the end of the hearing, the trial court orally granted Defendants' motion, finding that the "Plaintiff has failed to show or to demonstrate the diligence that is required by the Rules of Civil Procedure" and that "Defendants are prejudiced by the Plaintiff's inactivity in failure [sic] to make the service that has been the subject of the hearing."

{14} Following the trial court's bench ruling, Plaintiff and Defendants were unable to agree on a form of order. In addition, Plaintiff wished to submit requested findings of fact and conclusions of law, to which Defendants objected. Prior to the presentment hearing, Plaintiff moved for permission to file a set of requested findings of fact and conclu-

sions of law. Material to this appeal are her requested conclusions numbers 4 and 16 in which Plaintiff pointed out that Defendants had failed to raise the issue of delay in serving their original answer and their first two motions to dismiss.

{15} At the presentment hearing Defendants objected to Plaintiff's requested findings of fact and conclusions of law, asserting that "[t]his was a 12(B)(5) motion for dismissal for failure to timely serve process," and as such findings were not required by the rules of civil procedure. In response, Plaintiff's counsel professed confusion as to the grounds for the dismissal, pointing out that Rule 1–012(B)(5) was not mentioned in the motion itself. Counsel then reminded the trial court that Defendants had not raised the issue of service in their original answer. The trial court sustained the objection to the findings and entered Defendants' form of order.

{16} After entry of the dismissal order, Plaintiff filed two motions seeking post-judgment relief. One was filed as a Rule 1–059 NMRA 1999 motion for new trial; the other was filed pursuant to Rule 1–060(B)(1) NMRA 1999. The brief Plaintiff filed in support of her Rule 1–059 motion highlighted Defendants' failure to include their Rule 1–012(B)(5) objection in their first answer or first two motions to dismiss, and asserted that under Rule 1–012(G) they had waived their right to do so. The brief supporting Plaintiff's Rule 1–060(B)(1) motion essentially argued that Defendants' motion had misled Plaintiff to respond as if it were grounded on a failure to prosecute pursuant to Rule 1–041 NMRA 1999. In their response to the post-trial motions, Defendants reasserted that their motion was made pursuant to Rule 1–012(B)(5). Defendants pointed out they had referred to Rule 1–012(B)(5) in the first hearing held on the motion on August 30, 1996. Defendants also argued they had not waived the defense because they had filed it as soon as they realized it was available; that is, when they realized the original complaint against them had been filed in June 1994. In addition, Defendants argued that Plaintiff herself had "waived her right to raise waiver as a defense" by failing to make her argument prior to the evidentiary hearing Plaintiff had requested.

{17} The parties' arguments at the hearing on the post-trial motions were essentially duplicative of their prior positions. In ruling on the post-trial motions, the trial court specifically emphasized—as a courtesy to Plaintiff and "to any reviewing tribunal"—that it had always considered Defendants' motion to be based on Rule 1–012(B)(5) and that it had entered its order of dismissal under Rule 1–012(B)(5). The order denying Plaintiff's post-trial motions reiterated that "the Order for Dismissal entered January 29, 1997 was entered pursuant to SCRA 1986 1–012(B) 5[sic], and it was considered as a Motion to Dismiss for Insufficiency of Service of Process, and the Plaintiff's Motions are not well taken and should be denied."

*DISCUSSION*

{18} Rule 1–012(B) provides in pertinent part:

B. **How presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1) lack of jurisdiction over the subject matter;

(2) lack of jurisdiction over the person;

(3) improper venue;

(4) insufficiency of process;

(5) insufficiency of service of process;

(6) failure to state a claim upon which relief can be granted;

(7) failure to join a party under Rule 1–019.

Rule 1–012(B) thus allows the option of stating the listed defenses to a complaint by answer (the responsive pleading) or by motion. *See id.*

{19} Whether defendants choose to proceed by answer or motion, the initial response is subject to the provisions of Rules 1–012(G) and 1–012(H), which provide:

G. **Consolidation of defenses in motion.** A party who makes a motion under

this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in Subparagraph (2) of Paragraph H of this rule on any of the grounds there stated.

H. **Waiver or preservation of certain defenses.**

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process is waived:

(a) if omitted from a motion in the circumstances described in Paragraph G of this rule; or

(b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 1–015 to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 1–019 and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 1–007, or by motion for judgment on the pleadings, or at the trial on the merits.

(3) Whenever it appears by suggestions of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Together Rule 1–012(G) and Rule 1–012(H)(1) require consolidation of certain Rule 1–012(B) defenses in a party's initial pleading. As described by 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391, at 741–44 (2d ed.1990) [hereinafter Wright & Miller]:

According to Rule 12(h)(1), the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insuffi-

ciency of service of process are waived if they are not included in a preliminary motion under Rule 12 as required by Rule 12(g) or, if no such motion is made, they are not included in the responsive pleading or an amendment as of right to that pleading.

. . . .

Thus, it now is clear that any time defendant makes a preanswer Rule 12 motion, he must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b). If one or more of these defenses are omitted from the initial motion but were "then available" to the movant, they are permanently lost. Not only is defendant prevented from making it the subject of a second preliminary motion but he may not even assert the defense in his answer.

(Footnotes omitted.) Under Rule 1–012(H)(1), the defenses listed in Rules 1–012(B)(2), 1–012(B)(3), 1–012(B)(4) and 1–012(B)(5), are also lost to the defendant if they are not included in an answer filed before a Rule 1–012(B) motion. *See Sundance Mechanical & Util. Corp. v. Atlas,* 109 N.M. 683, 690, 789 P.2d 1250, 1257 (1990) ("Certain defenses (lack of personal jurisdiction, improper venue, insufficiency of process or service of process) must be asserted at the outset of an action; otherwise these defenses are waived."); *cf. Stetz v. Skaggs Drug Ctrs., Inc.,* 114 N.M. 465, 470, 840 P.2d 612, 617 (Ct.App.1992) ("The defense of lack of personal jurisdiction is subject to waiver when not properly asserted.").

■ {20} Here, Defendants chose to file an answer first. The answer did not include a defense challenging the sufficiency of process or of service of process. Defendants later filed a motion to dismiss two counts of Plaintiff's amended complaint for failure to state a claim. Again, Defendants did not include a Rule 1–012(B)(5) challenge in this motion. Applying the clear and unambiguous provisions of Rule 1–012(H)(1)(b), Defendants lost any Rule 1–012(B)(5) defense they may have had as of the time they filed their answer.[1] *See United States v. One 1978*

---

**1.** Defendants do not argue that they sought to amend this answer "as a matter of course" to

include their Rule 1–012(B)(5) defense and thus

*Piper Cherokee Aircraft,* 91 F.3d 1204, 1208 (9th Cir.1996); *United States v. 51 Pieces of Real Property, Roswell, N.M.,* 17 F.3d 1306, 1314 (10th Cir.1994).

{21} Rule 1–012(G) and Rule 1–012(H) on their face therefore compel reversal of the order of dismissal unless Defendants can demonstrate why they do not apply or should not control the outcome here. We turn to Defendants' arguments against reversal.

### 1. Was Defendants' Motion Made Under Rule 1–012(B)(5)?

{22} Defendants state that their motion to dismiss should not be treated as a Rule 1–012(B) motion at all. Defendants assert generally that motions to dismiss for untimely service are governed by common law, case law, and rules of procedure, and are not necessarily governed by Rule 1–012(B). Thus, they claim that their motion "was properly treated as governed by the rule recognized in *Prieto* [*v. Home Education Livelihood Program (H.E.L.P.),* 94 N.M. 738, 616 P.2d 1123 (Ct.App.1980),] and that it invoked essentially statute of limitations concerns, rather than being a motion specifically encompassed within our Rules of Civil Procedure." Defendants cite *Prieto* for the proposition that a trial court has inherent power, independent of statute, to "dismiss a case for failure to prosecute" where a plaintiff does not proceed with reasonable diligence to serve his complaint. 94 N.M. at 742, 616 P.2d at 1127.

{23} Defendants argue from a body of case law examining the nature of motions to dismiss for untimely service, noting that there is a lack of consensus as to how to categorize them (that is, whether they are governed by statutes of limitation or by the rules of civil procedure). *See, e.g., Floyd v. United States,* 900 F.2d 1045, 1046–47 (7th Cir.1990); *Hoffman v. Benson,* 147 F.R.D. 205, 206–07 (W.D.Mo.1993); *Sykes v. Springer,* 220 Ga. App. 388, 469 S.E.2d 472, 474 (1996). Defendants also correctly note that case law in New Mexico examining the analytical basis of such motions is lacking.

{24} Defendants' arguments might well resonate with us if these issues were present in the case, but we do not believe they are before us. As detailed above, Defendants insisted to the trial court over the course of three hearings that they were proceeding under Rule 1–012(B)(5). Their position here is directly contradictory to their stance in the district court. In addition, the trial court specifically noted it was acting pursuant to Rule 1–012(B)(5). Defendants are, in essence, inviting us to apply a "right-for-any-reason" rationale to affirm.

{25} To be sure, on occasion we will affirm the district court on a rationale different from the one relied on by that court, but only when doing so is fair to the appellant. *See State v. Franks,* 119 N.M. 174, 177, 889 P.2d 209, 212 (Ct.App.1994). Only rarely will it be fair to affirm on a ground that was not raised in the lower court. We are not inclined to consider affirming on a right-for-any-reason rationale here, when Defendants insisted below that the sole basis of the favorable ruling was Rule 1–012(B)(5). Moreover, as we understand Defendants' answer brief, they are essentially raising a statute-of-limitations argument. Ordinarily, statute-of-limitations issues are to be decided by the jury and cannot be decided on motion by the court if there are disputed material facts. *See Medina v. Fuller,* 1999–NMCA–011, ¶ 22, 126 N.M. 460, 971 P.2d 851. In sum, Defendants argued a Rule 1–012(B)(5) motion and received the benefit of a Rule 1–012(B)(5) ruling. Their motion thus should be subject to the limitations of Rules 1–012(G) and 1–012(H)(1).

### 2. Was the 1–012(B)(5) Defense Available to Defendants When They Filed Their Original Answer?

{26} As noted, Rule 1–012(G) requires consolidation of certain Rule 1–012 defenses in a defendant's first responsive pleading or motion if the defenses are then available. Defendants argue they were not aware of the original complaint until September 19, 1995, and so did not at first appreciate that service had been delayed so long. Thus, they reason that the defense of im-

the last clause of Rule 1–012(H)(1)(b) does not apply to them.

proper service was not available to them at the time they filed the answer. Key to Defendants' argument is that in the circumstances of this case service on them of the "amended complaint" was not sufficient to put them on notice of any need to seek and examine the original complaint. We disagree and, thus, hold that their Rule 1–012(B)(5) defense was available within the meaning of the rule.

■ {27} Generally, a Rule 1–012(B)(5) defense is available if it can be ascertained by reviewing the court file. Here, Defendants' Rule 1–012(B)(5) defense was available to them in an objective sense when they filed their original answer because all they had to do to "discover" it was examine the court file.

{28} Defendants concede that "receipt of a pleading entitled 'Amended Complaint' would normally lead one to conclude that an earlier complaint had been filed." They argue that the circumstances here—involving among other things the joinder of the manufacturer and the statutory prohibition against filing a complaint with the courts against a qualified health care provider until after the Medical Review Commission proceedings are complete—excuse them from searching the court file to see if they were named in the original complaint. They contend that "it was entirely reasonable for them to have concluded that Plaintiff had first sued the manufacturer and, after the Panel proceedings, filed an amended complaint adding the physicians." We might agree with this contention in the circumstances of this case. But then Defendants go too far when they argue that, "[t]o say, as Plaintiff does, that the physicians should have known they were named in the original complaint, it is necessary to say that they should have assumed Plaintiff's counsel would have violated the law, and because they did file a panel application, violated the law for no apparent purpose." Plaintiff, without violating any law, could have filed a timely complaint against Defendants after the panel proceedings, *see* NMSA 1978, Section 41–5–22 (indicating statute of limitations is tolled from time that application is filed with the Medical Review Commission until thirty days after the panel's decision is filed and served), and then filed an amended com-plaint prior to serving the initial complaint on Defendants, *see* Rule 1–015(A) NMRA 1999 (permitting amendment of pleading "once as a matter of course at any time before responsive pleading is served"). The statute-of-limitations defense raised in Defendants' answer could not be pinned down without checking the original complaint to see whether Defendants were named in that pleading and when it was filed.

{29} In these circumstances, we are unwilling to say that Defendants' Rule 1–012(B)(5) defense was not "available" when it would have been apparent from the court file. We recognize that it is an additional, though by no means onerous, burden to check the court file so early in the litigation. But a Rule 1–012(B)(5) defense is a "technical" defense, and the rules of civil procedure provide that cases should proceed on the merits unless such defenses are raised as soon as possible in the proceedings. .

### 3. Should the Trial Court's Ruling Be Treated as a Sanction?

■ {30} Returning to the weak and contradictory reasons Plaintiff gave for the delay of service and emphasizing the trial court's finding of prejudice against them, Defendants argue that the dismissal should be affirmed as a sanction "granted because of Plaintiff's delay and failure to present any believable excuse for that delay." For purposes of discussion, we assume without deciding that trial courts have the inherent power to issue a sanction of dismissal in these circumstances. The difficulty for Defendants, however, is that they never moved for dismissal as a sanction, and the record does not support a conclusion that the trial court considered its ruling a sanction.

{31} At the December 20, 1996, hearing, the trial court, as part of its oral ruling stated: "I have thought long and hard about the issues before the Court, not only in preparation for the hearing but during the course of the hearing, and I cannot determine that there's any alternative sanction that I can impose, short of dismissal of the case." While the court used the word "sanction," the argument preceding the announcement—focusing, as it did, on the factual and legal

circumstances that might or might not support dismissal based on insufficiency of service of process—does not support the notion that it was used in the sense of punishment for improper conduct.

{32} More to the point, however, other actions by the trial court indicate it was not imposing a sanction in the punitive sense of the word. We have already noted that the trial judge, in ruling on Plaintiff's post-trial motions, specifically stated he was ruling pursuant to Rule 1–012(B)(5). In addition, when Defendants asked the trial court to award attorney's fees as a sanction for seeking reconsideration of the order of dismissal, they were rebuffed.

{33} There are no findings of fact of any kind supporting even consideration, much less application, of a sanction. We cannot affirm on this ground when the evidence was contested, the trial court entered no findings or conclusions on the matter, and the determination of the appropriate sanction is a matter within the discretion of the trial court. *See Franks*, 119 N.M. at 177, 889 P.2d at 212.

### 4. Did Plaintiff Lose Her Waiver Argument By Raising Too Late?

{34} Finally, relying on Rule 1–015(B), Defendants assert Plaintiff waived her Rule 1–012(H) argument because she raised it too late. Rule 1–015(B) provides in pertinent part that "[W]hen issues not raised by the pleadings are tried by express or implied consent ... they shall be treated in all respects as if they had been raised in the pleadings." Defendants construct their Rule 1–015(B), trial-by-consent theory by reminding us that: (1) Plaintiff responded to the motion to dismiss by addressing its factual merits, arguing strenuously that there had been no undue delay in service on her part and that a good part of the delay should be attributed to Defendants; (2) Plaintiff requested an evidentiary hearing on the mo-

tion; (3) Plaintiff's two written responses to the motion did not mention her waiver arguments; and (4) Plaintiff first mentioned Rule 1–012(H) waiver at the December 20, 1996, hearing, after evidence had been received. Defendants' position is that Rule 1–015(B) can be applied to cure any defect caused by late assertion of their Rule 1–012(B)(5) defense. We disagree.

{35} Defendants' reliance on Rule 1–015(B) in this context is quite novel in modern Rule 1–012 jurisprudence. There is little case law on the relationship between the trial-by-consent concept of Rule 1–015(B) and the waiver provisions of Rules 1–012(G) and 1–012(H). Defendants have not cited, nor have we found, a single case decided after the 1966 federal amendment to Rule 12[2] which holds specifically that Rule 1–015(B) can or should be applied to override the waiver provisions of Rule 1–012. On the contrary, we have located cases which hold that a party cannot lose the right to assert that Rules 1–012(G) and 1–012(H) preclude a defense of the opposing party even when the party relying on Rules 1–012(G) and 1–012(H) failed to raise the point in trial court. *See Pila v. G.R. Leasing & Rental Corp.*, 551 F.2d 941, 943 (1st Cir.1977); *Myers v. American Dental Ass'n*, 695 F.2d 716, 721 (3rd Cir.1982).

{36} The one case Defendants rely upon which does address the issue does so only in dictum and was decided before the 1966 amendments. *See Lomartira v. American Auto. Ins. Co.*, 245 F.Supp. 124, 128–29 (D.Conn.1965), *aff'd* 371 F.2d 550 (2d Cir. 1967). It is therefore not helpful because of the significant differences between the present rule and the pre–1966 Rule 1–012(H). The rest of Defendants' authority is more general in its focus, dealing with the application of Rule 1–015(B) to unpled defenses and pretrial motions, involving Rules 1–012(G) and 1–012(H). *See, e.g., Bernsen v. Big Bend Elec. Coop., Inc.*, 68 Wash.App. 427, 842 P.2d 1047, 1051 (1993); *Loftus v. Romsa*

---

**2.** The 1966 amendment changed Federal Rule 12(h) to its current form. Prior to the 1966 amendment, Rule 12(h) specifically allowed the application of Rule 15(b) to consideration of Rule 12 defenses posed initially at trial. The 1966 Amendment deleted this portion of Rule 12(h).

For a discussion of the history of Rule 12(h) *see* 2 James Wm. Moore et al., *Moore's Federal Practice* §§ 12App.20 – 12App.22 (3d ed.1998). New Mexico·adopted a version of Rule 12(h) identical to the federal rule in 1969. *See* NMSA 1953, § 21–1–1(12) (1969).

*Constr., Inc.*, 913 P.2d 856, 860–61 (Wyo. 1996).

{37} We have located one post-amendment case that addresses some of the conceptual difficulties involved in meshing Rules 1–012(G) and 1–012(H) and Rule 1–015(B). *See Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 663–64 (7th Cir.1986). The court in *Giotis* was able to avoid "this difficult issue" because the defendant there "failed to timely raise the applicability of Rule 15(b)" on appeal and thus had waived its waiver of the waiver argument. *Id.* at 664. The brief attention paid to the issue in Giotis is indicative of the potential difficulty of the area.

■ {38} Fortunately, we need not decide this difficult issue here because Plaintiff raised her Rules 1–012(G) and 1–012(H) waiver arguments before trial and that made it timely under Rule 1–012(H)(2).

{39} Rule 1–012(H)(2) preserves the defenses of "failure to state a claim upon which relief can be granted" (Rule 1–012(B)(6)), failure to join an indispensable party (Rules 1–012(B)(7) and 1–019 NMRA 1999), and "failure to state a legal defense to a claim," at least through trial on the merits. Of the three, clearly only the third—"failure to state a legal defense to a claim"—is relevant to the question of whether Plaintiff lost her waiver argument. We must determine the meaning of the defense of "failure to state a legal defense" and whether Plaintiff waived this defense here.

{40} Despite the fact that the language of the two rules is not identical, Professors Wright and Miller characterize the failure to state a legal defense as synonymous with an "insufficient defense" that may be stricken by motion pursuant to Rule 1–012(F). *See* 5A Wright & Miller § 1385, at 728 ("The ban against successive pre-answer motions extends to the three 'substantial defenses' listed in Rule 12(h)(2) ... [including] failure to state a legal defense to a claim (Rule 12(f))."), § 1392, at 757–58 ("Rule 12(h)(2) expressly preserves three defenses against waiver dur-

ing the pleading, motion, discovery, and trial stages of the action[, including] ... the Rule 12(f) objection of failure to state a legal defense.")[3] Our search revealed no published opinions equating Rule 1–012(H)(2)'s "failure to state a legal defense" with Rule 1–012(F)'s "insufficient defense" but there is at least one unpublished decision that adopts that view. *See EP Operating Ltd. Partnership v. Placid Oil Co.*, Civ. A. No. 93–0257, 1994 WL 507455, at *2 (E.D.La. Sept.14, 1994) (minute entry) (quoting 5A Wright & Miller § 1385, at 728). And the Advisory Committee responsible for amending federal Rules 12(f) and 12(h) in 1966 indicated its intent that the rules be construed in that way:

> It is to be noted that while the defenses specified in subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted, failure to join a party indispensable under Rule 19, and failure to state a legal defense to a claim *(see Rule 12(b)(6), (7), (f))* ... are expressly preserved against waiver by amended subdivision (h)(2) and (3).

12A Wright & Miller App. C, at 221 (1998) (quoting Fed.R.Civ.P. 12(h) advisory committee's note) (emphasis added).

■ {41} Taking the Advisory Committee's note at face value, we must decide whether, by raising the defense of insufficiency of service of process only after they filed their answer and subsequent Rule 1–012(B)(6) motion, Defendant's "fail[ed] to state a legal defense to [Plaintiff's] claim," or raised an "insufficient defense," such that Plaintiff had a defense to the defense pursuant to Rule 1–012(H)(2). "What constitutes an insufficient defense depends, of course, upon ... the defense in question." 5A Wright & Miller § 1381, at 661. An insufficient defense may, however, be a "procedurally defective defense[ ]," *id.* at 661–63, such as the failure to raise insufficiency of service of process in a timely manner. *See Oppel v.*

---

**3.** Rule 1–012(F) provides:

**Motion to strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty (30)

days after service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

*Empire Mut. Ins. Co.,* 92 F.R.D. 494, 497 (S.D.N.Y.1981).

{42} We hold that Defendants failed to state a legal defense by failing to raise *insufficiency of service of process* in accordance with the procedures of Rules 1–012(G) and 1–012(H)(1). By alerting the trial court to Defendants' failure before a trial on the merits, Plaintiff validly asserted her defense to Defendants' "insufficient defense." Stated otherwise, she did not waive her waiver argument. Plaintiff might perhaps have been more explicit or more timely in raising her defense, but we agree with the Advisory Committee that "an objection of failure to state a legal defense to a claim" is a "substantial defense." As such, we believe it would be inappropriate for us to impose conditions, not contained in the rule, upon the raising of the defense.

{43} Our holding here is consistent with what we recently held in *Robinson–Vargo v. Funyak,* 1997–NMCA–095, 123 N.M. 822, 945 P.2d 1040. The issue there was whether the plaintiff could assert for the first time on appeal that the defendant waived his challenge to personal jurisdiction by failing to consolidate it with a motion to dismiss for lack of proper venue. *Id.* ¶ 9. Under Rule 1–012(H)(1), a challenge to personal jurisdiction is waived if not consolidated in a pre-answer motion with the other Rule 1–012(B) defenses listed in Rule 1–012(G), or if not included in a responsive pleading. Relying on the plain language of Rule 1–012(H)(2) we held that the plaintiff lost her waiver defense by not raising it until appeal.[4]

*CONCLUSION*

{44} We conclude that, because Defendants filed their "Motion to Dismiss for Failure to Serve Process in a Timely Manner" after they filed their answer and after they

filed another Rule 1–012 motion to dismiss, the motion was filed too late under Rules 1–012(G) and 1–012(H). We believe that it would be inappropriate to affirm the judgment below on a ground other than the Rule 1–012(B)(5) ground urged by Defendants in the district court. Finally, Plaintiff did not lose her waiver argument. Thus, it was improper for the trial court to dismiss. We therefore reverse and remand with instructions that the trial court reinstate Plaintiff's suit.

{45} **IT IS SO ORDERED.**

HARTZ, J., (specially concurring).

WECHSLER, J., concurs.

HARTZ, J., (specially concurring).

{46} I join all of Judge Bustamante's opinion except for the deference it accords to Defendants' reliance on Rule 1–015(B). Defendants' problem here is the untimeliness of their motion to dismiss. Rule 1–015(B) does not address such a problem.

{47} The first sentence of Rule 1–015(B) states: "When issues *not raised by the pleadings* are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." (Emphasis added.) As I understand this Rule, it does not apply when an issue has been raised by the pleadings. Here, Defendants had filed a motion, albeit an untimely one, raising the issue of inadequate service. Rule 1–015(B) says nothing about treating a pleading that was actually filed as having been filed earlier than it was.

{48} Moreover, even if Defendants had never filed a pleading seeking dismissal for insufficient service of process, Rule 1–015(B) could not save them. Under Rule 1–015(B) a pleading will be deemed to have been filed,

---

4. Although it does not affect our holding in this case, we note a potential inconsistency between *Robinson–Vargo* and *Sundance Mechanical & Utility Corp.* Relying on cases predating the adoption of our rules of civil procedure, *Sundance Mechanical & Utility Corp.* held that the defense of failure to state a claim upon which relief can be granted may be raised for the first time on appeal, even though Rule 1–012(H)(2) could be read to indicate that it only preserves the three listed defenses through "trial on the

merits." This Court has previously questioned the approach in *Sundance Mechanical & Utility Corp. See Hinger v. Parker & Parsley Petroleum,* 120 N.M. 430, 441–42, 902 P.2d 1033, 1044–45 (Ct.App.1995) (including Justice Minzner, sitting by designation, concurring); *Padilla v. Estate of Griego,* 113 N.M. 660, 662–63, 830 P.2d 1348, 1350–51 (Ct.App.1992). We will not attempt to resolve this potential conflict here because Plaintiff timely asserted her defense.

but it will not necessarily be deemed to have been *timely* filed. Presumably, the Rule would treat the matter as if the pleading raising the issue was filed at the time that the issue was tried by consent. *But cf.* Rule 1-015(C) (relation back of amendments). I do not see how the Rule could put a party in a better position than it would have been in if the court had explicitly permitted the party to file a pleading raising the issue at the time that the issue was litigated by consent of the parties. In short, I cannot see how Rule 1-015(B) could ever be used to cure a waiver under Rule 1-012(H)(1). Indeed, the very language of Rule 1-012(H)(1)(b) indicates that Rule 1-015 can cure such a waiver only to the extent that it permits an amendment to the pleadings "as a matter of course," which is the subject of Rule 1-015(*A*).