This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITIBANK SOUTH DAKOTA, N.A.,**

Plaintiff-Appellee,

v.                                                                    **NO. 31,267**

**LUCIEN B. PADAWER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Law Offices of Farrell & Seldin
James J. Grubel
Kenneth K. Oh
Albuquerque, NM

for Appellee

Lucien B. Padawer
Fort Collins, CO

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Appellant-Defendant, Lucien Padawer (Defendant), appeals from the district court's entry of judgment in favor of Appellee-Plaintiff (Citibank). We issued a second notice of proposed summary disposition proposing summary reversal. Citibank has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded and therefore reverse.

Defendant's recitation of facts in the docketing statement was uncontested by Citibank on appeal. *See Lopez v. State*, 107 N.M. 450, 450-51, 760 P.2d 142, 143-44 (1988) (stating that when a case is assigned to summary calendar, the facts in the docketing statement are accepted as true unless contested). Defendant had a credit card account with Citibank Diners-Club for over fifty years. In 2006, Citibank closed the account. Defendant repaid the outstanding balance. Citibank then initiated the present action for the $7,376.06 in penalties, fees and interest. [RP 1, 408] Along with its complaint, Citibank filed an affidavit that stated that it closed Defendant's credit card account because he breached the parties' agreement by failing to make the required minimum payments on time. [RP 3]

Defendant responded and alleged that Citibank informed him that it closed the account because he had used the card to purchase commercial merchandise for resale in violation of the parties' agreement. Defendant asserted that he had been using his credit card to purchase commercial merchandise for resale for over 50 years, Citibank

was fully aware of the manner in which he was using the card because he had informed it, and Citibank supported the use of the card in that manner. Defendant also denied that he had failed to make the required payments on time. [RP 9-11]

Following a bench trial, the district court determined that Citibank's assertion that Defendant had failed to make the required monthly payments on time was untrue and that Citibank in fact closed the account because Defendant had used the card to purchase commercial merchandise for resale in breach of the agreement. The district court further found that Defendant had been using the card for that purpose for over fifty years and that Citibank was aware of this use. The district court also found that Defendant was reasonable in his belief that he would have continued credit with Citibank based on Citibank's actions over the fifty year relationship. However, despite its factual findings in favor of Defendant's equitable arguments, the district court entered judgment in favor of Citibank on the belief that Defendant's breach of the agreement precluded equitable relief. [RP 408-09] *See Sisneroz v. Polanco*, 1999-NMCA-039, ¶ 16, 126 N.M. 779, 975 P.2d 392 (discussing waiver by acquiescence); *see Gilmore v. Gilmore*, 2010-NMCA-013, ¶ 25, 147 N.M. 625, 227 P.3d 115 (discussing laches). In our notice of proposed summary disposition, we proposed to hold that this was error. *See Scott v. Jordan*, 99 N.M. 567, 572, 661 P.2d 59, 64 (Ct. App. 1983) (stating that while an appellate court cannot make factual

findings of its own, it can interpret those of the trial court to determine whether they are sufficient to support the conclusions of law on which the judgment is based).

In its memorandum in opposition, Citibank does not point out that this Court's analysis was incorrect. Rather, Citibank argues that the district court should be affirmed as right for any reason because Citibank could close the account at any time for any reason, and therefore whether Defendant breached the parties' agreement by purchasing commercial merchandise for resale was irrelevant. [Citibank MIO 3] Accordingly, Citibank argues that Defendant's waiver defense does not apply. Additionally, Citibank argues that the district court was right for any reason because the credit card agreement contained a provision that allowed Citibank to delay in asserting any of its rights without waiving them. [Citibank MIO 3-6]

We decline to affirm the district court on these bases. An appellate court may affirm a trial court's ruling on a ground that was not relied on below if reliance on the new ground would not be unfair to the appellant. *Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154. However, "[o]nly rarely will it be fair to affirm on a ground that was not raised in the lower court." *Rupp v. Hurley*, 1999-NMCA-057, ¶ 25, 127 N.M. 222, 979 P.2d 733. In this case, Citibank's complaint and its motion for summary judgment asserted that Defendant breached the parties agreement by failing to make the required payments under the contract.

4

Citibank at no point argued below that it had an absolute right to cancel the contract, and Defendant was therefore not afforded the opportunity to respond with any contract defenses he may have to Citibank's argument on appeal. *See Eldin v. Farmers Alliance Mut. Ins.*, 119 N.M. 370, 376, 890 P.2d 823, 829 (Ct. App. 1994) (declining to apply the right for any reason doctrine on grounds that it would be unfair to appellant who did not receive notice below of the grounds upon which the right for any reason doctrine was asserted on appeal); *compare First Nat'l Bank v. Abraham*, 97 N.M. 288, 291, 639 P.2d 575, 578 (1982) (considering a contract issue for the first time on appeal as a basis to affirm the district court as right for any reason where the record reflected no doubt that the issue was presented in the district court); *see also State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the 'right for any reason' doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)).

For the same reason, we do not believe the district court's judgment should be affirmed on the basis of a provision in the agreement governing waiver because Citibank failed to respond below to Defendant's estoppel arguments by asserting a no-waiver provision of the agreement. [RP 269] Accordingly, Defendant was not able

5

to respond. *See Vargas*, 2008-NMSC-019, ¶ 8 ("Under the 'right for any reason' doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)); *see generally State v. Fairbanks*, 2004-NMCA-005, ¶ 12, 134 N.M. 783, 82 P.3d 954 (expressing reluctance to affirm based on an argument not advanced below).

For these reasons, and those stated in our second notice of proposed summary disposition, we reverse.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**JONATHAN B. SUTIN, Judge**